JENNIE C. ROVELLA vs. STANDARD ACCIDENT INSURANCE COMPANY ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 9th—decided February 13th, 1936.

*Francis P. Pallotti,* for the appellant (defendant De Pasquale).

*Terry J. Chapin,* for the appellee (plaintiff).

BANKS, J.   The plaintiff conducted a retail business in Hartford in connection with which she carried a compensation insurance policy with the Century Indemnity Company, of which the defendant De Pasquale was the agent.   This policy expired October 23d, 1933, and the Indemnity Company, prior to October 6th, 1933, had notified De Pasquale that it would not be renewed.   On receiving this notice De Pasquale, who was an insurance broker and had handled the plaintiff's insurance for about five years, agreed with her that he would procure compensation insurance for her in another company, and subsequently delivered to her a policy written by the named defendant dated October 6th, 1933, covering her compensation liability for one year from October 23d,

1933. The Insurance Company subsequently learned that the plaintiff was not a desirable risk, and about November 10th or 11th, its agents, H. W. Seide & Company, through whom the policy was written, asked De Pasquale to obtain the policy from the plaintiff and bring it to their office. He made several attempts to do so but was told by the plaintiff that it was lost, and that she was unable to return it. On November 23d the Insurance Company mailed to the plaintiff notice of the cancellation of the policy effective December 3d, 1933, which was duly received. After De Pasquale learned that the Insurance Company would not continue plaintiff's compensation insurance, he attempted to place it elsewhere but was not successful. He did not report his efforts to replace the insurance to the plaintiff until about January 10th, 1934. On December 20th, 1933, an employee of the plaintiff suffered a compensable injury for which on June 4th, 1935, he was awarded compensation of $620.11.

The minimum premium on the plaintiff's policy was $32 and the estimated advance premium, including the minimum premium, was $118. An audit of the plaintiff's payroll had to be made by the Insurance Company at the expiration of the policy period to determine the earned premium, and this audit was made on December 22d, 1933. The plaintiff had a running account with De Pasquale which included other insurance written for her. On November 17th, 1933, he received from her $100 on this account. A few days before January 15th, 1934, De Pasquale received from H. W. Seide & Company a bill for $20.24 covering the earned premium of $8.30 on plaintiff's compensation policy and an earned premium of $11.90 on an automobile liability policy of the plaintiff which had also been cancelled. On January 15th, 1934, De

Pasquale mailed a check to H. W. Seide & Company covering this bill of $20.24 and a check for $34.99 to the plaintiff, being the amount due the plaintiff after deducting from the $100 payment this sum of $20.24 and $44.77 owed by the plaintiff as an additional premium on the prior compensation policy in the Century Indemnity Company.

The complaint claimed a decree adjudging that the compensation policy was in full force and effect, and a valid and binding obligation of the Standard Accident Insurance Company. The trial court held that De Pasquale was at all times the agent of the plaintiff and not of the Insurance Company, that the latter, never having received the premium, was under no obligation to return the unearned premium as a prerequisite to a cancellation of the policy, and that the policy was effectually cancelled by it, and rendered judgment in its favor. This ruling was not appealed from, and the question of its correctness is not before us.

The complaint alleged that De Pasquale agreed to procure compensation insurance for the plaintiff, that he neglected to pay to the Insurance Company any part of the $100 paid to him on account of the premium, and failed to inform her of the cancellation of the policy, and demanded relief against him if the court found she was not entitled to relief against the Insurance Company. The trial court gave her judgment against him for the amount of compensation which was awarded to her employee after this action was brought. The trial court found, in its conclusions, that the plaintiff relied upon De Pasquale to secure for her compensation insurance for the term of one year, that his failure to notify her that the company would not continue the insurance and that the policy was cancelled, and his failure to pay to the agents of the

company the $100 received by him on account of the premium within a reasonable time, constituted a breach of his duty as her agent and resulted in depriving her of the protection of compensation insurance at the time of the injury to her employee.

De Pasquale agreed to procure for the plaintiff compensation insurance in the place of the policy which expired October 23d, 1933. The court has found that he procured a good and sufficient policy covering the risk for the term of one year from that date. The Insurance Company, for reasons which seemed to it sufficient, cancelled the policy and De Pasquale attempted to place the risk with other companies. That he was unsuccessful and that he did not report his failure to her at once, did not constitute a breach of his contract or of his duty as her agent. Nor was his failure to notify her that the company would not continue the policy and that it was cancelled a breach of his duty as her agent which caused her any loss, since she received such notice direct from the company.

The plaintiff chiefly relies upon the failure of De Pasquale promptly to pay over to the agents of the company the $100 payment which she made to him on account of the premiums upon this and other insurance policies as constituting a breach of his duty as her agent resulting in her loss of the protection of compensation insurance. Even if De Pasquale were to be regarded as her agent after he delivered the policy, she lost this protection because the company cancelled the policy which De Pasquale had secured for her. It cancelled the policy, not because of the nonpayment of the premium, but because it learned that the plaintiff was not a desirable risk. Nevertheless, the plaintiff claims that the failure of De Pasquale to pay over the $100 to the company or its accredited agent promptly was the cause for her loss

of the protection of the policy. The argument is that an insurance company may not cancel a policy without at the same time returning the unearned premium, that the company in this case was not obliged to return the unearned premium because it had not received it, but that, had De Pasquale paid the $100 to the company or its accredited agent when it was received by him, the action of the company in attempting to cancel the policy without return of the unearned premium would have been a nullity, and the policy would have been in force when the plaintiff's employee was injured.

The non sequitur is obvious. Assuming, without deciding, that, in the case of a policy of this nature, where the amount of the unearned premium cannot be determined until after an audit, effective cancellation of the policy cannot be had without a determination of the amount of such premium and its payment or tender to the insured, it does not follow that the policy would have remained in force, and the plaintiff would have been protected, if De Pasquale had paid the $100 to the agents of the company. Plaintiff's argument proceeds upon the assumption that, even though the company had received the premium, it would have attempted to cancel the policy without returning it. That is an assumption which the court cannot make. In order to recover from De Pasquale, the plaintiff must prove that the cancellation of the policy, and the consequent loss of its protection, was caused by his conduct in not promptly paying the premium to the company or its agent. If the company had cancelled the policy because of such failure a different question would have been presented. It appears from the finding that the nonpayment of the premium had no connection with the action of the company in cancelling the policy, on the contrary that it took such

action because it had learned that the plaintiff was a bad risk. Whether, had the company received the premium, it would have attempted to cancel the policy before ascertaining and paying the amount of the un-earned premium, and whether such action would have effected a valid cancellation, we need not inquire. Upon the facts found, the defendant De Pasquale was not guilty of any breach of duty to the plaintiff which was the proximate cause of the loss of the protection of the compensation insurance policy which he had procured for her.

There is error, and the case is remanded with direction to enter judgment in favor of the defendant De Pasquale.

In this opinion the other judges concurred.