MATHEW'S, Chief Justice.
In this case the appellant obtained a judgment against James Q. Merritt for injuries growing out of an accident. ■ Execution was issued on the judgment and returned nulla bona. The appellant then initiated garnishment proceedings against the appellee. In due course answer was filed by the garnishee and upon motions a summary judgment was differed in favor of the appellee and the writ of garnishment was dissolved.
*708 This case depends upon whether or not the notice of cancellation. of an insurance policy with a nonpayment of premium notice and the related documents met the requirements of the insurance policy in question. If the policy was not effectively cancelled, it.,was in force at the time the cause of action arose against the insured and the insurance company is bound to pay the judgment obtained against insured, within limits of the policy.
The insurance policy contained the following with reference to cancellation:
“22. Cancelation. . This policy may be canceled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less, than five days thereafter such cancelation shall be effective. The mailing .of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.
“If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premiums shall be computed prorata. Premium adjustments may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after can-celation becomes effective. The company’s check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured.”
The record discloses that some kind of a notice was mailed to the insured. No premium adjustment was made at the time the notice of cancellation was mailed or “as soon as practicable [there]-after”. A check for the unearned premium was tendered to the insured by an agent of the company approximately three weeks after the mailing of the notice and subsequent to a loss under the policy. The first important question for our determination is whether or not such notice was within the terms of the policy. The insurance company relied upon the effective date of this conditional notice of cancellation as a defense.
The policy contained a provision that it could be cancelled by the company by mailing notice to the named insured at the policy address stating when, not less than five days thereafter, such cancellation shall become effective. The notice was mailed on November 21, 1950. The notice- stated that if the premiums were not paid the company would cancel the policy at noon on November 26, 1950. In computing time the first day should be excluded and the last day included. Simmons v. Hanne, 50 Fla. 267, 39 So. 77; Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165; 52 Am.Jur., Sec. 17, page 342. A simple calculation shows that from November 21, 1950 to noon, November 26, 1950 is not five full days, therefore, if the notice in form is sufficient, it was not "sufficient in time to comply with the terms of the policy.
Having determined that the notice. is insufficient it is unnecessary to determine other questions presented, including the question of the failure of the insured to make premium adjustments at the time cancellation is effected or if not then made, as soon thereafter as practical.
As the notice was not given in accordance with the terms of the policy the appellee was bound to pay the judgment obtained against insured within the limits of the policy.
Reversed with directions to set aside the judgment in favor of the appellee and to enter a judgment in favor of the appellant.
THOMAS, SEBRING, ROBERTS and DREW, JJ., concur.
*709 TERRELL, J., dissents.
HOBSON, J., not participating .because of illness.