132 So.2d 393 (1961)
Roy B. GRAVES, Jr., Petitioner,
v.
IOWA MUTUAL INSURANCE COMPANY, a corporation and Claude L. Claypool, Respondents.
No. 40024.
Supreme Court of Florida.
July 12, 1961.
Rehearing Denied September 13, 1961.
I.R. Ludacer, Sarasota, for petitioner.
Patrick H. Dickinson, of Dart, Bell & Savary, Sarasota, for respondents.
ROBERTS, Chief Justice.
This cause comes here for review on a writ of certiorari granted because of a conflict between the decision of the District Court of Appeal, Second District, reported as Graves v. Iowa Mutual Insurance Co., 123 So.2d 351, 352, and the decision of this court in Silvernail v. American Fire and Casualty Company, 80 So.2d 707, 708. The facts are outlined in the opinion of the District Court, supra. Conflict arises over the construction of the cancellation clause in petitioner's general overall policy which reads as follows:
"This policy as an entirety (including all Insuring Agreements) or any Insuring Agreement may be cancelled * * * (c) by the Company serving upon the Named Insured at the address shown in this Policy written notice, or *394 sending such notice by registered mail, stating therein the date when such cancellation shall be effective, but such date, if the notice be served, shall be not less than 30 days after such service, or if sent by registered mail, not less than 35 days after the date borne by the sender's registry receipt. The mailing of notice as aforesaid shall be sufficient proof of its delivery to the Insured * * *"
and the cancellation provision in the insured's fidelity bond extension:
"* * * (a) * * * on notice to the Insured, not less than 30 days after service, or if sent by registered mail, not less than 30 days after the receipt; * * * Cancellation of this bond in its entirety shall be deemed effective if notice be given as provided in (a) * * *"
and in the construction that this court placed on the cancellation clause in the Silvernail case, supra:
"* * * The notice stated that if the premiums were not paid the company would cancel the policy at noon on November 26, 1950. In computing the time the first day should be excluded and the last day included. [Citing authority] A simple calculation shows that from November 21, 1950 to noon, November 26, 1950 is not five full days, therefore, if the notice in form is sufficient, it was not sufficient in time to comply with the terms of the policy."
In the instant case the District Court arrived at the conclusion that, although the notice violated the 30-day provisions, the cancellation was effective, not as stated in the notice but on a later date, in accordance with the policy provisions, but in the Silvernail case, supra, this court held that the notice was not sufficient in time, was therefore ineffectual to cancel and that the insurance company was obligated to pay the policy holder within the limits of the policy. The two holdings are in direct conflict on the same point of law, and we therefore have jurisdiction.
Petitioner was issued a fidelity bond on Claude L. Claypool, his new bookkeeper and office manager, insuring him against loss of money or property. About two months later, a notice of cancellation was sent by certified mail stating that coverage on Claypool was cancelled, effective July 20, 1958. Claypool himself signed the return receipt on June 24, 1958, and without giving petitioner notice of the cancellation and also without giving notice of the unearned premium credit on the company books, continued to work. It was discovered in February of 1959 that Claypool had embezzled $1,780, but upon notice the insurance company refused liability. Suit was brought by petitioner which resulted in a summary judgment for respondent insurance company and an affirmance of that judgment by the District Court.
Petitioner contends that he had never received actual notice of the cancellation since the mail receipt had been signed by the defecting employee himself; and further that the notice violated the 30-day provision of the policy and was ineffectual to cancel the liability.
Respondent contends that petitioner had notice when his agent signed the mail slip and entered the refund of premium on the company books; and further that the notice was final and effective after lapse of the full time stipulated in the policy.
The contentions of the respondent that the acceptance of the refund was a waiver is untenable in this case. The facts here negate the inference of consent or waiver arising from the acceptance of the refund. See Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704, at page 711; Reliance Life Ins. Co. of Pittsburgh v. Garth, 192 Ala. 91, 68 So. 871; 152 A.L.R. 105. To be sufficient notice must clearly convey to the insured the fact of cancellation. "The purpose of the notice *395 of cancellation by the company is to enable the insured to obtain insurance elsewhere before he is subjected to risk without protection." See 29 Am.Jur. § 384 and "The rule that notice to an agent is notice to the principal does not apply when the circumstances are such as to raise a clear presumption that the agent will not transmit his knowledge to his principal, as in cases where his interest is antagonistic to that of his principal." (Italics supplied.) Innerarity v. Bank, 139 Mass. 332, 1 N.E. 282, 52 Am.Rep. 710. Here the respondent insurance company was in a position from its research as to the character of the employee to realize that petitioner may not receive actual notice when it allowed the uninsurable employee to sign mail slips, including the slip purporting to cancel the policy as to his own insurability. See Andrews v. Minter Coal & Coke Co., 90 Ind. App. 320, 168 N.E. 869 and cases cited, where the court held that a notice to employee of cancellation of his fidelity bond was not notice to his employer.
Furthermore, we cannot read into the policy added meaning, see Bradley v. Associates Discount Corp., Fla., 58 So.2d 857, and as notice provided that the cancellation was effective on July 20, 1958, and was received on June 24, 1958, by simple calculation it violated the 30-day provision of the policy. The notice was not given in accordance with the terms of the policy; the insured never received actual notice of cancellation or of the refund inasmuch as the defaulting employee himself signed the receipt and credited the refund. The record does not reveal any effort by the insurance company to bypass the defecting employee with the notice cancelling the risk on him, although the company had information sufficient to cause them to cancel same. The notice was ineffectual to cancel the risk and the policy was in force at the time of default by the employee.
Accordingly, the judgment of affirmance by the District Court of Appeal, Second District, is quashed with directions to reverse the judgment of the Circuit Court for further proceedings not inconsistent with this opinion.
It is so ordered.
THOMAS, DREW, THORNAL and O'CONNELL, JJ., concur.