200 So.2d 208 (1967)
CAT 'N FIDDLE, INC., a Florida Corporation, Operating and Doing Business As Cat 'N Fiddle Restaurant & Lounge, Appellant,
v.
The CENTURY INSURANCE COMPANY, Limited, a Corporation Organized and Existing under the Laws of New York and Hurst Insurance Agency, Inc., a Florida Corporation, Appellees.
No. 66-350.
District Court of Appeal of Florida. Third District.
June 13, 1967.
Rehearing Denied July 6, 1967.
*209 Lurie, Lesperance & Goethel, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, (for Century Ins. Co.).
*210 Knight, Underwood, Peters, Hoeveler & Pickle, Miami, (for Hurst Insurance Agency, Inc.).
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
CHARLES CARROLL, Judge.
This is an appeal by the plaintiff below from a judgment for defendants entered on a directed verdict.
The plaintiff, operating a restaurant and lounge, engaged Hurst Insurance Agency, Inc., herein referred to as Hurst, to obtain fire insurance covering the assets of the business. The parties considered the premises to be of a value that would justify $100,000 fire insurance and Hurst recommended insurance be obtained in that amount. The insurance which Hurst was able to obtain was $70,000, in two policies issued by Century Insurance Company, Limited, a New York Corporation, herein referred to as Century.
The policies were not delivered to plaintiff, but to Hurst, and with plaintiff's approval were retained by Hurst. Subsequently Century cancelled its policies. Hurst accepted the cancellation, and upon encountering some difficulty in placing other insurance, obtained and substituted a policy from another insurer in the amount of $30,000.
The plaintiff was informed of the initial coverage of $70,000 when it was obtained by Hurst from Century, but Hurst did not inform the plaintiff of the subsequent cancellation thereof by Century nor of the fact that a policy for only $30,000 was obtained by it in replacement.
At that stage of the matter a fire occurred which totally destroyed the "insured" property. After the fire, plaintiff learned of the cancellation by Century and of the $30,000 replacement policy. Notice of loss and proof of claim were submitted by plaintiff to Century, which denied liability based on its prior cancellation. Plaintiff filed an action against the substitute insurer on the $30,000 policy and received payment of $25,000 thereon in settlement.
This action was brought by plaintiff against Century and Hurst. One count sought recovery from Century, on the theory that the Century policies were in effect at the time of the fire. Two counts were filed against Hurst. One charged it with negligence in failing to notify plaintiff of the cancellation, when it occurred, of the $70,000 coverage by Century. The other count charged Hurst with negligence in failing to keep the property insured for $70,000.
On the trial of the cause, at the close of plaintiff's case the court granted motions of the defendants for directed verdict and entered judgment thereon, from which the plaintiff has appealed contending the court erred in directing a verdict for defendants, and by excluding certain evidence offered to prove the cash or market value of the property destroyed by the fire.
The trial court was eminently correct in directing a verdict for Century. Applicable in the circumstances presented was the general rule that notice to an agent is notice to the principal. Graves v. Iowa Mutual Insurance Company, Fla. 1961, 132 So.2d 393, 395, 96 A.L.R.2d 282.
An insurance agent or broker, who agrees to procure insurance and through his own fault or neglect fails to do so, may become liable for damages resulting therefrom. First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., Fla.App. 1962, 139 So.2d 476; Kamen Soap Co. v. Prusansky & Prusansky, *211 Inc., 5 App.Div.2d 620, 173 N.Y.S.2d 706, 708; Gibbs v. Allstate Insurance Company, Tex.Civ.App., 1965, 386 S.W.2d 606, 609; 16 Appelman Insurance § 8831; Annot. 29 A.L.R.2d 171. The agent owes a legal duty to obtain the insurance and, if he can not do so within a reasonable time, to notify the owner of his inability. Rovella v. Standard Acc. Ins. Co., 121 Conn. 134, 183 A. 377, 378; Gibbs v. Allstate Insurance Company, supra. Likewise, if the insurance is cancelled, the agent is under a duty to notify the insured of cancellation, and if he fails to do so, may be held to have breached such duty unless it is made to appear that the insured knew or reasonably should have known of the cancellation from sources other than by being informed by the agent. Rovella v. Standard Acc. Ins. Co., supra; Kamen Soap Co. v. Prusansky & Prusansky, Inc., supra. See Annot. 29 A.L.R.2d 171, 201. The liability of an agent as referred to above will not exceed the amount of insurance shown to have been obtainable under the circumstances. Cf. Clay v. Girdner, 103 Fla. 135, 138 So. 490, 494.
We hold, therefore, that the trial court was in error in directing a verdict for the defendant Hurst. The evidence presented issues for jury determination as to whether Hurst was negligent, under one count, in not obtaining replacement insurance of $70,000 or for the insurable value of the premises if less than $70,000, providing it should be found that such full or adequate replacement insurance was then obtainable as to this property; or, under the other count against Hurst, for failing to inform plaintiff of the cancellation by Century and thus afford plaintiff an opportunity to obtain additional insurance  again provided it was found to have been obtainable above $30,000.
Accordingly, the judgment in favor of the defendant Century is affirmed, and the judgment in favor of Hurst is reversed for new trial.