PER CURIAM.
St. Anne Airways Corporation appeals from a final judgment for all the defendants entered after a directed verdict for the defendants at the conclusion of the appellant’s case in an action for damages resulting from the alleged theft of the appellant’s airplane. The only question presented on this appeal is whether the evidence presented by the plaintiff-appellant was sufficient to warrant submission of the case against any of the defendant-appellees to the jury. A review of the record convinces us that the trial court correctly found that the appellant failed to prove a case against any of the appellees, and we affirm the judgment. See Golden v. Morris, Fla.1951, 55 So.2d 714.
The appellant was the owner of an airplane which it leased to one Rivarola. The plane was insured by appellee Lloyds of London under a policy procured by the appellant through appellee Casualty Insurance Agency. The plane was damaged by a hurricane and was repaired by appellee Airmotive Suppliers Corporation.
The appellant sought to establish that Airmotive was responsible for the alleged theft of the plane because Airmotive released it to an unauthorized person after the repair of the hurricane damage. However, the evidence with all reasonable inferences drawn in favor of the appellant established that appellee Airmotive released the plane to a representative of the lessee upon direct authorization from the appellant’s president. Therefore, no liability of appellee Airmotive was established.
The appellant brought suit against appellee Casualty on the theory that Casualty wrongfully allowed the insurance policy on the plane to be cancelled. The evidence reveals that at the time the plane was alleged to have been stolen the policy was in full force. The complaint also alleged a loss by fire subsequent to the date of cancellation, but there is no evidence to support this allegation.
The action against appellee Kenneth Leslie' Fullick, representative-underwriter of Lloyds of London, was based upon the insurance policy. The policy, among other things, excluded from coverage losses resulting from conversion by any person in lawful possession under a leasing agreement. The evidence conclusively established that the plane departed Miami, Florida, enroute to Asuncion, Paraguay, on October 10, 1965, and was observed in Asuncion in the possession of the lessee, Rivarola, approximately two weeks later. The only reasonable conclusion to be drawn from the evidence is that the plane was converted by the lessee and his agents.
We therefore conclude that the evidence presented by the appellant did not establish a prima facie case against any of the appellees.
Affirmed.