MANN, Judge.
It took the better part of an afternoon to complicate this simple case. When the depositions of Isaac and Jessie Battle were concluded the issues were confused beyond unravelling by any circuit judge whose time for study had not been enlarged by a sudden settlement at the start of a two-week trial.
Isaac Battle has a third-grade education, a distrust of lawyers and the habits of paying cash for everything and signing nothing. Or so he says. There is some question about the last point. In any event, he is careful about admitting that he has signed anything, and that gives rise to the whole problem.
Battle was taken to the office of Kil-bride, an insurance agent, by a friend. He wanted comprehensive and liability coverages, and following a brief and undenied encounter he paid a deposit. A few days later the policy came, and he went down to Kilbride’s office and paid the balance, *10 receiving a receipt showing full payment. Six weeks later, a notice of cancellation was mailed to Battle, purporting to show that Premium Assignment Corporation had, pursuant to a power of attorney, directed the carrier to cancel for nonpayment of premium. Battle says that he received such a notice, promptly took it to Kilbride, asked how come he got a notice of cancellation when he paid cash for his policy and was told that it was a mistake and not to worry about it.
Battle didn’t worry about it until the day after his accident in which an uninsured motorist struck him, precisely the calamity he thought himself protected against. The girl in Kilbride’s office told Battle, when he reported the accident in accordance with the policy’s terms, that it had been can-celled. This action ensued.
On deposition, Battle denied that he had signed anything and refused to give a specimen signature. He claims that he was once defrauded by a lawyer and since then has signed nothing. Asked whether he didn’t trust his own lawyer he replied that it was his own lawyer in a prior case whose “fraud” got him into the nonsign-ing habit. He graciously declined to name the offending lawyer. It is plain that his present counsel, for all his competence, does not enjoy Battle’s complete confidence. Battle’s deposition is characterized by this distrust of the legal process, and after it was taken Kilbride moved for summary judgment on three grounds.
The second of these grounds was that the policy had not been applied for by Battle and that the signature on the application was a forgery and fraud on Kilbride. This is nonsense. It is undisputed that Battle and Kilbride met on the day of the application in Kilbride’s office and that the policy was issued on Battle’s car, paid for with Battle’s money and that Battle had seen Kilbride on at least three occasions. Kilbride’s assertion that Battle “did not apply for insurance under the Assigned Risk Plan” is nothing more than an indefensible effort to take advantage of an ignorant man who distrusts legal process and will all the more unless we reverse this judgment. Kilbride has not at any point denied that he took an application for this policy and the money to pay for it.
The first and third grounds assigned in the motion deserve closer analysis. The first suggests that no claim is made on behalf of Battle for injuries sustained by him, which were described by Jessie Battle as a skinned knee. Perhaps the damages recoverable by Isaac Battle were less than the jurisdictional minimum of the circuit court, but the summary judgment was against both of them and it is not clear whether Isaac Battle will, after proposed amendments discussed at the taking of depositions, have a cause of action in circuit court.
The third ground asserts that “there is no person named Jessie Lee Battle who is the wife of the plaintiff, Isaac Battle.” It appears that Jessie has a prior undissolved marriage which prevents Isaac Battle’s derivative action, but the woman who calls herself Jessie Battle is clearly a person and was injured. Her rights and those of her husband, if any, ought to be determined, and it was error to assume that because her true name might not be Battle she is not a person deserving of a full trial after the badly needed amendments to these pleadings.
This case is to be determined according to principles discussed in Cat ’N Fiddle, Inc. v. Century Insurance Company, Fla.App. 1967, 200 So.2d 208. See cases collected under West’s Digest System, Insurance, Key Number 103.1(1).
Reversed and remanded.
LILES, A. C. J., and PIERCE, J., concur.