282 So.2d 672 (1973)
PENINSULAR FIRE INSURANCE COMPANY, Appellant,
v.
Junior Paul KING, Appellee.
No. R-178.
District Court of Appeal of Florida, First District.
August 23, 1973.
Rehearing Denied October 3, 1973.
J. Ben Watkins, of Watkins & Hill, Tallahassee, for appellant.
Marion D. Lamb, W.D. Lines, Quincy, Rhodes & Stephens, Tallahassee, for appellee.
SPECTOR, Judge.
On May 14, 1971, appellee was employed by J.O. Smith, Jr., a land clearing contractor, and was injured when he came in contact with power lines operated by Florida Power Company. Appellee's employer had contracted with Florida Power to clear right of way between Quincy and Chattahoochee, Florida. Florida Power's contract *673 with Smith required the latter to maintain workmen's compensation coverage for his employees to be used in the clearing operation and further required Smith to furnish Florida Power with a certificate of coverage from his insurer with a provision in such certificate that Florida Power would receive twenty-days notice of intent to cancel such coverage. Although appellant furnished the requisite certificate, no notice of cancellation was furnished to the power company. Prior to the accident, J.O. Smith had purchased workmen's compensation insurance from appellant, affording compensation coverage from July 30, 1970, to July 31, 1971.
On December 10, 1970, appellant mailed to the Department of Commerce a notice of cancellation stating that J.O. Smith's insurance would be cancelled January 8, 1970. Upon receiving the notice, the supervisor of records took it upon himself to correct what he deemed to be a typographical error and corrected January 8, 1970, to January 8, 1971. The Department of Commerce notified Smith that its records showed the policy cancelled and later a representative of the department, upon inquiry, was told by Smith's son that he did not want the insurance.
After the accident in May, appellant paid part of appellee's medical bills until they belatedly denied coverage August 24, 1971, on the basis that the policy had been cancelled.
The lower court found that the policy had not been cancelled in accordance with statutory and policy provisions and therefore the policy was in effect at the time of the accident. We agree.
Section 440.42(2), Florida Statutes, F.S.A., provides that at least thirty-days notice must be given before the effective date of cancellation. The policy in question contains the following provisions:
"This policy may be cancelled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing... .
"Terms of this policy which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law."
It therefore appears that the trial court was correct in substituting the thirty-day requirement of the statute for the ten-day policy requirement. By so doing, it is quite evident that the effective date and hour of cancellation stated in the notice did not meet the thirty-day notice required by the statute.
In Silvernail v. American Fire and Casualty Co., 80 So.2d 707 (Fla. 1955), the court held that four and one-half days notice in light of a five-day notice provision in the policy was not effective cancellation. Likewise, the Supreme Court held in Graves v. Iowa Mutual Insurance Co., 132 So.2d 393 (Fla. 1961), that cancellation received on June 24, 1958, to be effective July 20, 1958, violated the thirty-day provision of the policy and therefore the policy was in effect at the time of the incident which gave rise to the claim.
Furthermore, appellant contends that even if the notice of cancellation should be considered to be so defective as to render it void and of no effect, nevertheless the employer Smith had actual notice that the policy had been cancelled and, after being so notified, stated his election not to procure new coverage. Upon such facts and circumstances, appellant contends that the employer is estopped to assert a defect in the cancellation of the policy. While it may well be true that those facts may be the basis of an estoppel, that defense *674 would lie only with respect to a claim lodged by the employer against the carrier. In the case at bar, however, the claim under consideration is that of an employee. No facts appear in the record nor are any urged indicating that the appellee-employee is estopped from asserting his claim by virtue of any action or knowledge on his part.
We therefore hold that the policy was in effect at the time of the accident, having not been cancelled in accordance with statutory and policy provisions. Accordingly, the judgment is affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.