334 So.2d 105 (1976)
PEOPLES DOWNTOWN NATIONAL BANK, Appellant,
v.
LAWYERS TITLE GUARANTY FUND, Appellee.
No. 75-1062.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 9, 1976.
Williams, Salomon, Kanner & Damian, Prunty, Ross, DeLoach & Olsen, Miami, for appellant.
John A. Murray, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
*106 HENDRY, Judge.
Appellant, plaintiff below, appeals a final judgment entered by the trial court in a nonjury trial pursuant to the granting of appellee's, defendant below, motion for judgment in its favor made at the close of appellant's case.
Appellant filed its complaint against appellee based upon a mortgagee policy of title insurance issued by it. The policy provided that a certain mortgage held by appellant was in accordance with law and that it constituted a valid first mortgage lien upon the property described in the mortgage. Appellant had accepted the mortgage as security for a loan of $65,000. Subsequent to the issuance of the policy, a suit was brought in Broward County to foreclose a lien upon the subject property. This lien was held to be superior to appellant's lien and, as a result, the security held by it was lost. Appellant's complaint sought the recovery of its damages, attorney's fees, and costs.
On May 27, 1975, a nonjury trial was held, and, at the close of appellant's case, the trial court granted appellee's motion for directed verdict. On June 27, the trial court entered its final judgment from which appellant appeals.
The record shows that the mortgagee policy of title insurance was issued by Eugene Tannenbaum, a lawyer and member of appellee Lawyers Title Guaranty Fund, who was duly authorized to represent it and to issue, acting on his sole responsibility, such policies. The policy, in this case, was issued in the face amount of $65,000, which was the amount of a loan extended by appellant to Dominion Properties Corp. and for which a mortgage on real property was given as security for the loan. This policy guaranteed the validity of the mortgage deed and the first mortgage position of the mortgage lien given to appellant as security. At the time that the policy was written and delivered to appellant by Tannenbaum, he was an attorney for the bank, a director, and a member of the executive committee. Tannenbaum was also president of Dominion Properties Corp. from its inception until approximately June of 1970. Tannenbaum presented a loan application to appellant in November 1969, which application sought a loan of $65,000 on behalf of Dominion Properties Corp. This loan application was subsequently approved by all of the directors of appellant.
Disbursement was made on the loan to the extent of $40,000 on November 6, 1969, and on December 24, 1969, an additional $25,000 was disbursed. Notes were given to appellant for both disbursements along with the assurance by Tannenbaum that all proper documentation, including the mortgage title insurance policy, would follow. The remainder of these documents including the mortgagee policy were furnished by Tannenbaum in January of 1970.
At the time the policy was issued and delivered to appellant by Tannenbaum, he was aware that the mortgage given to appellant was not, in fact, a first mortgage lien. However, appellant was not aware of this fact and no one at the bank had any knowledge that the mortgage was not a first lien.
Several months after the delivery of the policy to appellant, it learned that the funds disbursed in connection with the loan had not accrued to the benefit of Dominion Properties Corp., but were used by Tannenbaum for his personal benefit. Subsequently, Tannenbaum was convicted in the United States District Court, Southern District of Florida, on charges of furnishing false records to a national banking association.
Appellant makes the two following points on appeal: (1) that the disbursement of the proceeds of the mortgage loan by it, as mortgagee, prior to receipt of the mortgagee policy of title insurance covering the property mortgaged did not render any claim under the policy unenforceable, and (2) that the issuance of the policy by its attorney who was also a corporate director, knowing that the mortgage insured was not a first lien as the policy provided, and who *107 wrongfully received the proceeds of the mortgage loan, all without the direct knowledge of appellant, did not constitute such imputation of knowledge to it so as to bar all claims under the mortgagee policy.
In our opinion both points made by appellant are well taken. The matter of the title insurance and its issuance was a separate and complete transaction apart from the loan transaction between appellant and Dominion Properties Corp. As stated in Couch on Insurance 2d, § 48:110, "[w]here at the time a policy of title insurance is delivered, the title is defective by reason of a lien or encumbrance, the contract is breached and the title company is immediately liable to the insured." Here, the policy insured appellant against loss with respect to the status of its mortgage lien and the validity thereof with Dominion Properties Corp. It was immaterial that the policy was delivered or dated subsequent to the date of the loan transactions. See Livingston v. American Title and Insurance Company, Fla.App. 1961, 133 So.2d 483; and Couch on Insurance 2d, § 48:108.
In regard to appellant's second point on appeal, it is our opinion that appellant should not be estopped from seeking recovery under the title policy. Under certain circumstances, the knowledge and information possessed by an agent will not be imputed to his principal. Usually, this occurs when the agent is acting adversely to his principal or engages in a transaction in which the agent is personally interested. In this case, Tannenbaum's interest was best served by his concealing from appellant the information and knowledge which he had about the status of the mortgage. Also, the record is clear that he was acting in his own self-interest in concealing such information and knowledge from appellant. Further, appellant had no direct knowledge or information about the status of the mortgage, but relied therefor on Tannenbaum. For these reasons, we do not think that Tannenbaum's personal knowledge and information about the mortgage could be properly imputed to appellant. See Graves v. Iowa Mutual Insurance Company, Fla. 1961, 132 So.2d 393; Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901; Lambert v. Heaton, Fla.App. 1961, 134 So.2d 536; 1 Fla.Jur., Agency § 87; and 4 Fla.Jur., Banks and Trust Companies § 101.
Upon consideration of the record, all points in the briefs, and arguments of counsel in light of the controlling principles of law, we have determined that the trial court erred in granting appellee's motion for judgment in its favor at the close of appellant's case. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.