WENTWORTH, Judge.
This is an appeal from a workers’ compensation order directing appellant Allstate to pay temporary total disability, future medical and compensation benefits under its policy for employer Moussette. We reverse and remand because Moussette was not claimant’s employer at the time of the accident, and the order contains no findings or conclusions sufficient to apply estoppel or any other basis for liability.
The claim arose from the following chronology of events and specified only “Mainsail Motel” as employer:
1/1979 Claimant Deborah Jane Nabinger was hired as maid at Mainsail Motel, owned by Moussette.
1/17/79 Moussette sold Mainsail Motel to I. R. Naran. Moussette and Naran met with Allstate’s agent re transfer of insurance policies to Naran.
Moussette orally cancelled his workers’ compensation insurance, effective at closing on 1/17/79.
2/2/79 Claimant Nabinger slipped and fell on a stairway.
2/23/79 Claimant filed for workers’ compensation naming Mainsail Motel as her employer.
3/29/79 Allstate advised Moussette that their workers’ compensation policy was nontransferrable and Allstate would not honor any claims after date of sale.
Subsequently a workers’ compensation policy was issued by Allstate to Naran, but it was cancelled when the carrier discovered that Naran had failed to divulge the Na-binger claim on his application.
The deputy commissioner found that because Allstate failed to cancel the Mous-settes’ workers’ compensation insurance in accordance with § 440.42(2), Florida Statutes, the policy was in effect and provided coverage to Naran’s employee, Nabinger. Nanan filed a separate civil action for declaratory relief, breach of contract, and negligence against Allstate, still pending when the compensation order was entered.
*1080 Appellant Allstate presents the following issue:
WHETHER THE DEPUTY COMMISSIONER ERRED IN FINDING APPELLANT LIABLE FOR THE INDUSTRIAL INJURY OF APPELLEE NABINGER, WHEN THE CLAIMANT WAS NO LONGER AN EMPLOYEE OF ALLSTATE’S INSUREDS ON THE DATE OF HER ACCIDENT.
The order finds that on the date of accident the claimant was “in the employ of the employer herein, specifically, the Mainsail Motel which was, at the time, owned by Mr. Ishwar Naran.” (e. s.) On the issue of coverage the order recites:
Mr. Moussette stated that he was present during a conversation between himself, Mr. Manning, his insurance agent and an agent of ALLSTATE, and Mr. Naran immediately following the sale of the motel at which time he recalled Mr. Naran advising Mr. Manning that he wanted the existing insurance coverage with ALLSTATE continued during his ownership of the motel, but that a question was presented concerning the rating structure for workmen’s compensation insurance and that Mr. Manning indicated he would ' advise Mr. Naran subsequently concerning his question regarding the rates. Mr. Moussette indicated that it was his clear understanding that the insurance, including the workmen’s compensation insurance, would be continued by ALLSTATE INSURANCE COMPANY. Mr. Naran testified that immediately following the sale but prior to the alleged injury to the claimant, he conversed with Russell Manning as agent for the ALLSTATE INSURANCE COMPANY and was advised that the insurance in force and effect at the time inclusive of the workmen’s compensation insurance would be continued by ALLSTATE. Mr. Naran indicated that he did have a question concerning the rating policy of ALLSTATE and Mr. Manning advised him that he would answer the question, however, it was clearly Mr. Naran’s understanding that the workmen’s compensation coverage was to be provided by ALLSTATE INSURANCE COMPANY. Mr. Manning testified that in a conversation at the motel while Mr. Moussette was present along with Mr. Naran, he did, as agent for the ALLSTATE INSURANCE COMPANY, advise Mr. Naran that the general liability coverage would be provided by ALLSTATE, however, it was his recollection that Mr. Naran had specifically indicated to him that he did not wish to have ALLSTATE provide workmen’s compensation insurance.
The order contains no resolution of the recited conflicts in testimony but finds that Allstate’s policy provided coverage to claimant as Naran’s employee on 2/2/79, based solely on the fact that the policy “was not cancelled in accordance with ... F.S. 440.-42(2),” which states “No ... policy ... shall expire or be cancelled until ... 30 days have elapsed after a notice of cancellation” in accordance with prescribed rules.
Because the evidence established and the order recognized that claimant was not the Moussettes’ employee on the date of the accident, we are unable to agree that Allstate’s failure to cancel its contract with Moussette would as a matter of law provide coverage to claimant while working for another employer, i. e., Naran. We are referred to no such previous Florida construction of the statute, which has instead been invoked to continue coverage for employees of the former policyholder. Peninsular Fire Insurance v. King, 282 So.2d 672 (Fla. 1st DCA 1973). Failure oí the statutory notice might, however, be pertinent to a determination of estoppel based on consideration of all pertinent facts bearing on that doctrine. See Appleman, Insurance Law and Practice (Berdal ed.), § 4659, p. 410-412, note 25; Couch on Insurance 2d § 67.88.
We do not, because of the posture of the case on appeal, determine whether responsibility for the claim can be placed on Allstate on other grounds. The parties have presented no alternative argument for af-firmance of the award, and in view of the complex and conflicting evidence above noted we reverse and remand for such further *1081 proceedings, which may include additional evidence, as are consistent with our opinion on the point appealed.
ERVIN and SHAW, JJ., concur.