PER CURIAM.
Appellants, Thomas and Shelley Johnson, seek review of a final judgment for appel-lees, Aetna Casualty and Surety Company and R.G. Bond & Associates, Ltd.
In 1977 Thomas Johnson obtained an Aetna automobile insurance policy through the Bond insurance agency. In 1978 Thomas married Shelley and changed his address. Bond was notified of the change of address and was instructed to add Shelley to the policy and increase the limits thereof. Thomas did not notify Aetna of the change of address but continued to receive renewal notices as they were forwarded by the post office, with whom a change of address notice had been filed. After one year, when the post office no longer forwarded mail, the renewal notices were returned to Aetna. In due course Aetna forwarded notice of cancellation to Bond, which failed to notify the Johnsons of the cancellation of their policy.
. In 1980 Shelley was injured in an automobile accident. Claim was made against Aetna and was denied due to cancellation of the policy. Ultimately, appellants sued Aetna and Bond. The trial resulted in a directed verdict for Bond at the close of the plaintiffs’ case and a subsequent jury verdict in favor of Aetna. Final judgment was entered accordingly and the Johnsons perfected this appeal.
During the course of the plaintiffs’ case, the Johnsons sought to introduce in evidence certain correspondence between Aetna and Shelley mailed to her at the new address. The correspondence dealt with a claim Shelley filed as a result of an accident that occurred prior to the cancellation of the subject policy. The purpose of this proffer was to show that the Aetna claims department was aware of the new Johnson address. However, the trial court refused to admit this evidence on the ground that such knowledge cannot be imputed from one separate and distinct department of an insurance company to another — in the present case the claims department and the billing and underwriting department. Both the trial court and appellees relied primarily upon Schrader v. Prudential Insurance Company of America, 280 F.2d 355 (5th Cir.1960), as authority for that ruling. However, Schrader is so imbued with the fraudulent conduct of the insured, its own agent, that it is hardly authority for the general proposition that knowledge received by a corporate employee while acting within the scope of his employment is not imputed to the corporation. It appears the converse is the rule in Florida. St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, 44 So.2d 677 (Fla.1950). Therefore, under the circumstances of this case, we hold that the foregoing correspondence should have been admitted into evidence. The trier of fact could then have considered Johnson’s failure to send in the change of address form he received with each renewal notice in juxtaposition with the knowl *1058 edge possessed by Aetna’s department regarding the new address.
The directed verdict in favor of Bond was also error. The trial court refused to admit into evidence the office files of Aetna and Bond, which would have allowed the trier of fact to determine the nature and quality of Bond’s agency. At the very least, there are some circumstances which would require an agent to advise an insured of a notice of cancellation by the insurer. As the court states in Cat’N Fiddle, Inc. v. Century Insurance Company, 200 So.2d 208 (Fla. 3d DCA 1967), rev’d in part 213 So.2d 701 (1968),
The agent owes a legal duty to obtain the insurance and, if he can not do so within a reasonable time, to notify the owner of his inability. Rovella v. Standard Acc. Ins. Co., 121 Conn. 134, 183 A. 377, 378; Gibbs v. Allstate Insurance Company, supra. Likewise, if the insurance is can-celled, the agent is under a duty to notify the insured of cancellation, and if he fails to do so, may be held to have breached such duty unless it is made to appear that the insured knew or reasonably should have known of the cancellation from sources other than by being informed by the agent. Rovella v. Standard Ace. Ins. Co., supra; Kamen Soap Co. v. Prusansky & Prusansky, Inc., supra. See Annot. 29 A.L.R.2d 171, 201. Cat’N Fiddle, supra, at 211.
That is not to say that in every situation an insurance agent is so obligated. Cf. Cat’N Fiddle v. Century Insurance Company, 213 So.2d 701 (Fla.1968). It depends upon the facts of each case.
Accordingly, we reverse the judgment appealed from and remand for a new trial against both appellees.
DOWNEY, LETTS and HERSEY, JJ., concur.