WENTWORTH, Judge.
Appellant Aqua Shield seeks review of a workers’ compensation order by which it was determined that appellee Travelers had effectively cancelled its insurance policy and was thus not at risk for claimant’s injury. We find that Travelers’ purported cancellation was not effective, and we therefore reverse the order appealed.
In August 1984 Travelers furnished Aqua Shield with a notice of cancellation which purported to terminate its insurance coverage effective immediately. Travelers nevertheless continued to bill Aqua Shield for additional premiums, and Aqua Shield made payment in accordance with this bill. Travelers received such payment without objection or further notice to Aqua Shield. During the prior policy year Aqua Shield had cured a premium delinquency in this manner after notice of cancellation, and Travelers had reinstated coverage without further notice. A workers’ compensation claim was made for an injury alleged to have been sustained in December 1984, and Travelers relied on its August notice of cancellation to deny coverage.
Section 440.42(2), Florida Statutes, provides that:
No contract or policy of insurance issued by a carrier ... shall expire or be can-celled until at least 30 days have elapsed after a notice of cancellation....
Although Travelers attempted by its August notice of cancellation to terminate coverage immediately, the deputy recognized that such immediate cancellation would not comply with section 440.42(2) and therefore deemed coverage to have expired thirty days after the notice of cancellation. However, in Peninsular Fire Insurance Co. v. King, 282 So.2d 672 (Fla. 1st DCA 1973), where a cancellation notice did not include the statutory thirty day provision, the purported cancellation was determined to be ineffective and coverage was afforded pursuant to the policy even though the claim was for an injury which occurred more than thirty days after the notice of cancellation. In accordance with Peninsular Fire, Travelers’ failure to comply with section 440.42(2) in the present case renders its notice of cancellation ineffective, so as to maintain coverage under the policy of insurance.[1]
The order appealed is reversed and the cause remanded.
BOOTH, C.J., and MILLS, J., concur.

. We find it unnecessary to address Aqua Shield’s further assertion that Travelers should be estopped, by its unqualified acceptance of additional premiums, from denying coverage.