SCHWARTZ, Chief Judge.
Thai, who was a customer of Shiman, an insurance agent, appeals from a summary final judgment in the latter’s favor. The action was based upon the agent’s admitted and allegedly negligent failure to inform Thai that his underlying coverage had been cancelled or lapsed, leaving him with no effective protection. We conclude that the existence of genuine issues of material fact as to Shiman’s liability requires reversal.
Through Shiman, Thai procured underlying comprehensive automobile insurance from Allstate on his Datsun and a separate $1,000,000 umbrella policy. According to the plaintiff, the automobile was stolen but when he made a claim on Allstate, he was informed that its insurance had lapsed or been cancelled for his failure to pay a renewal premium. Allstate claimed that a notice of pending cancellation or non-renewal had been appropriately mailed to him. See Williams v. Security Mut. Casualty Co., 377 So.2d 733 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1120 (Fla.1980). Thai stated that he had never received any such notice from Allstate[1] or from Shiman (who was himself indisputably informed of the termination by Allstate). As a result, Thai ceased making payments to Allstate and did not procure any alternative insurance from another carrier in order to preserve his basic coverage. He points out that he did regularly make payments on the umbrella policy, although, since it requires the existence of underlying insurance as a pre-condition to coverage, it had been rendered useless by the lapse of the Allstate insurance.
This court has said that:
If the insurance is cancelled, the agent is under a duty to notify the insured of cancellation, and if he fails to do so, may *1157 be held to have breached such duty unless it is made to appear that the insured knew or reasonably should have known of the cancellation from sources other than by being informed by the agent. Rovella v. Standard Acc. Ins. Co. [121 Conn. 134, 183 A. 377 (1936)], supra; Kamen Soap Co. v. Prusansky & Prusansky, Inc. [5 A.D.2d 620, 173 N.Y.S.2d 706 (1958) ], supra. See Annot. 29 A.L.R.2d 171, 201.
Cat’N Fiddle, Inc. v. Century Ins. Co., 200 So.2d 208, 211 (Fla. 3d DCA 1967), judgment as to separate party vacated, 213 So.2d 701 (Fla.1968); see also Foster v. Nunmaker Discount Co., 201 So.2d 215 (La.App.1967); Security Ins. Agency, Inc. v. Cox, 299 So.2d 192 (Miss.1974); cf. Burgos v. Indep. Fire Ins. Co., 371 So.2d 539 (Fla. 3d DCA 1979) (no duty of agent to obtain new coverage after cancellation). See generally 16A J. Appleman, Insurance Law and Practice § 8844 (1981). In our view, the issue of Shiman’s responsibility under this rule presents a question for the jury. Shiman claims that he was entitled to rely upon his knowledge that Allstate had purportedly given notice to Thai and therefore need not have done so himself. Thai contends, however, that any such indication was dissipated by the agent’s knowledge that he was paying on the umbrella policy and that he would not have uselessly done so if he knew that the Allstate coverage had expired. Under all these circumstances, we invoke the familiar rule that the ultimate effect of contrary and conflicting inferences to be drawn from even undisputed facts is for the jury, and not for the court on summary judgment, to resolve. See Cat'N Fiddle, 200 So.2d at 208.
Reversed.

. While no such action is now before us, we note that if Thai were successfully to pursue a claim against Allstate that no effective cancellation had occurred and that the underlying insurance therefore remained in effect, Shiman would not be liable since his alleged failure to give notice would have caused no damage to Thai. See St. Anne Airways Corp. v. Airmotive Suppliers Corp., 215 So.2d 624 (Fla. 3d DCA 1968).