WOLF, Judge.
This is an appeal from a workers’ compensation order requiring Employers Self Insurance Fund to pay benefits to claimant, Manuel Torres, and dismissing the claim for benefits against Right-O-Way, Inc.
The issue is whether the appellant, Employers Self Insurance Fund (hereinafter ESIF) effectively cancelled its workers’ compensation coverage and was, thus, not at risk for claimant’s injury. We find that the cancellation was not effective and, therefore, affirm.
On March 6, 1987, Florida Air Freight Co., Inc., employer, applied to Employers Self Insurers Fund (ESIF) for workers’ compensation insurance and to Florida Employers Safety Association (Safety Association) for membership. ESIF required that its insureds be members of the Safety Association, and the Safety Association required the payment of dues. Both ESIF and the Safety Association accepted employer’s application.
ESIF subsequently filed a notice of termination of employer’s workers’ compensation insurance due to employer’s failure to pay Safety Association dues ($50). The notice of termination was dated March 4, 1988, but was postmarked March 7, 1988, and it stated that termination of the coverage would be effective April 4, 1988. The Division of Workers’ Compensation received the notice of termination on March 8, 1988, and stamped it as recorded on April 7,1988, which indicated its determination that the effective date of termination was April 7, 1988. This date was based on a calculation of 30 days from the date of the postmark.
On April 8, 1988, Manuel Torres, claimant, was injured while unloading freight that had been forwarded to employer’s facility by Right-O-Way, Inc., a freight forwarder. Claimant hired an attorney who filed a claim for benefits against employer. Claimant subsequently filed an amended *396 claim for benefits naming Right-O-Way, Inc. as an additional statutory employer. Employer took the position that its workers’ compensation insurance coverage through ESIF was still in effect on the date of the accident because the insurance coverage was ineffectively and improperly denied and canceled. Right-O-Way’s position was that it was not a general contractor and, therefore, not a statutory employer.
On September 25,1989, the judge of compensation claims entered an order finding that ESIF did not give 30 days’ notice of cancellation of insurance coverage required pursuant to § 440.42(2), Fla.Stat. Due to the improper notice of cancellation, the judge found that employer was a member of the Safety Association and insured through ESIF on April 8, 1988, and further found the question of the contractual relationship between employer and Right-O-Way moot.
The issue presented here is whether a notice of termination of workers’ compensation insurance coverage that is postmarked March 7, 1988, and states that coverage will be terminated on April 4,1988, is void because it does not comply with the 30-day notice requirement set out in §§ 440.42(2) and 440.185(7), Fla.Stat. (1987), and Rule 38 F-6.008(l), F.A.C., or whether coverage continues until 30 days after the postmark date at which time it terminates, despite the earlier stated date of termination.
Sec. 440.42(2), Fla.Stat. (1987), states, in pertinent part:
No contract or policy of insurance issued by a carrier under this chapter shall expire or be canceled until at least 30 days have elapsed after a notice of cancellation has been sent to the division and to the employer in accordance with the provisions of subsection 440.185(7).
Sec. 440.185(7), Fla.Stat., (1987), in pertinent part, states:
Notice of cancellation or expiration of a policy as set out in s. 440.42(2) shall be mailed to the division in accordance with the rules promulgated by the division under chapter 120.
Rule 38-F6.008(l), F.A.C., states:
Except as hereinafter provided, a contract or insurance policy shall not be terminated until and unless 30 days have elapsed after notice of termination has been given to the Division and the employer in accordance with Section 440.-42(2), Florida Statutes_ When the notice of termination is sent by mail, the 30 days will be calculated from the 1st day following the date of mailing as evidenced by postmark.
In Peninsular Fire Ins. Co. v. King, 282 So.2d 672 (Fla. 1st DCA 1973), the insurer mailed a notice of cancellation of workers’ compensation insurance coverage to the Department of Commerce on December 10, 1970, stating that coverage would be canceled on January 8, 1970. An accident occurred in May 1971, and the insurer denied coverage. This court found that since the notice of cancellation did not include the statutory 30-day provision, the purported cancellation was ineffective and coverage was afforded pursuant to the policy even though the claim was for an injury that occurred more than 30 days after the notice of cancellation.
In Young v. Travelers Ins. Co., 496 So.2d 232 (Fla. 1st DCA 1986), the insurer furnished the employer with a notice of cancellation that purported to terminate its workers’ compensation insurance coverage effective immediately. A workers’ compensation claim was subsequently made for an injury that occurred in December 1984. The deputy determined that although the purported “immediate” cancellation did not comply with § 440.42(2), Fla.Stat., coverage did expire 30 days after notice of cancellation. This court followed Peninsular Fire Ins. Company v. King, supra, and reversed, stating that the failure to comply with 440.42(2), Fla.Stat., rendered the insurer's notice of cancellation “ineffective, so as to maintain coverage under the policy of insurance.” 496 So.2d at 233 (emphasis added).
Young and Peninsular make clear that where the cancellation date stated in the *397 notice is not 30 days or more from the date the notice is mailed, the notice is void because it fails to comply with § 440.42(2), Fla.Stat. Since the date of termination stated in ESIF’s notice was not 30 days from the date the notice was mailed, the notice was void and coverage was still in effect on April 8, 1988, the date of the accident, and the decision of the judge of compensation claims is affirmed.
Affirmed.
SHIVERS, C.J., and BOOTH, J., concur.