WEBSTER, Judge,
specially concurring.
I agree that the facts of this case distinguish it from Peninsular Fire Ins. Co. v. King, 282 So.2d 672 (Fla. 1st DCA 1973); Young v. Travelers Ins. Co., 496 So.2d 232 (Fla. 1st DCA 1986); and Employers Self Insurers Fund v. Torres, 565 So.2d 395 (Fla. 1st DCA 1990). I reach this conclusion based upon the fact that here, unlike those cases, the workers’ compensation insurance policy expired by its own terms more than two weeks before claimant was injured. I believe that this fact requires an affirmance, notwithstanding the holdings in Peninsular, Young and Torres. However, I write to express my view that the decision reached in Peninsular is incorrect and that, therefore, it (and Young and Torres, both of which rely upon Peninsular) should be overruled.
The issue raised in Peninsular was whether, pursuant to section 440.42(2), Florida Statutes (1969) (which is substantively identical to the version of that statute applicable to this case), a notice purporting to cancel an employer’s workers’ compensation insurance has any effect whatsoever when it is mailed less than *563 thirty days before the stated cancellation date. Resolution of that issue would appear to require a determination of the intent of the legislature when it enacted the statute. However, the court did not address the question of legislative intent. Instead, it based its decision upon two earlier supreme court decisions, both of which had involved construction of language regarding notice requirements contained in insurance policies.
In Silvernail v. American Fire and Casualty Co., 80 So.2d 707 (Fla.1955), the first case relied upon in Peninsular, the court held that a written notice of cancellation mailed less than five days before the stated cancellation date had no effect pursuant to a policy provision which stated that the “policy may be canceled by the company by mailing to the named insured ... written notice stating when not less than five days thereafter such cancelation shall be effective.” Id. at 708 (emphasis added). Similarly, in Graves v. Iowa Mut. Ins. Co., 132 So.2d 393 (Fla.1961), the second case relied upon in Peninsular, the court held that a written notice of cancellation received less than thirty days before the stated cancellation date had no effect pursuant to a policy provision which stated that the “policy ... may be cancelled ... by the Company serving upon the Named Insured ... written notice ... stating therein the date when such cancellation shall be effective, but such date ... shall be not less than 30 days after such ser-vice_” Id. at 393-94 (emphasis added).
There are many significant differences between the rules of construction applicable to contracts generally, and to insurance contracts in particular, and those applicable to statutes. However, even if there were not, it seems to me relatively clear that the language used in the insurance policies construed in Silvemail and Graves may be read without a great deal of difficulty as requiring that, to be effective, the stated cancellation date be at least five days after mailing (,Silvemail!); or at least thirty days after receipt {Graves). In contrast, it seems to me that the relevant language of section 440.42(2) may not be read as imposing such a requirement.
Section 440.42(2) reads, in relevant part, that “[n]o contract or policy of insurance issued by a carrier under this chapter shall ... be canceled until at least 30 days have elapsed after a notice of cancellation has been sent to the division and to the employer ...” (emphasis added). I find nothing ambiguous or unclear about this language. When the language of a statute is clear and unambiguous, there is nothing to construe, and the words used must be given their plain and ordinary meanings. See, e.g., Streeter v. Sullivan, 509 So.2d 268 (Fla.1987); Holly v. Auld, 450 So.2d 217 (Fla.1984). To me, the language of the statute is intended to mean nothing more than what it says — a carrier may not cancel a policy “until at least 30 days ... after” it has sent a notice of cancellation “to the division and to the employer.” The apparent reason for such a provision is to afford the employer a reasonable period within which to obtain other insurance.
I am unable to find in the language used by the legislature in section 440.42(2) anything to support the conclusion that the legislature intended that, if the carrier inadvertently fails to mail the notice of cancellation at least thirty days before the stated cancellation date, the insurance remains in effect indefinitely. It seems far more consistent with the language used that, in such an event, the effective cancellation date would be extended to afford the employer the benefit of the contemplated 30-day period within which to obtain other insurance (which is precisely the way that the Division of Workers’ Compensation has been handling such cases). Moreover, it seems to me that, had the legislature intended that such a notice would be of no effect whatsoever, it could have said so without a great deal of difficulty. For instance, it might have said: “No notice of cancellation shall be effective unless mailed to the division and to the employer at least thirty days before the stated date of cancellation.” However, the legislature did not use such language, and the courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its *564 reasonable and obvious implications. To do so would be an abrogation of legislative power.” American Bankers Life Assurance Co. of Florida v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968).
Based upon the foregoing, I believe that Peninsular, Young and Torres should be overruled.