PER CURIAM.
Alfredo Flores and Capital Insurance Agency appeal from the trial court’s Order denying their Motion for Remittitur, and the Final Judgment awarding $20,000 for medical expenses to the plaintiff, Rachel Green (“Ms.Green”). We reverse.
Rachel Green obtained supplemental cancer insurance from Alfredo Flores via Capital Insurance Agency during her open enrollment period. At the time, she was covered under a supplemental cancer insurance with Colonial Life & Accident Insurance Company (“Colonial Life”). After consulting with Flores and a Colonial Life representative, Ms. Green cancelled her Colonial Life coverage, believing that the cancellation would not take effect until the end of the insurance year. It is undisputed that Ms. Green’s pay stub reflected a “post-tax”[1] supplemental policy. Ms. Green testified that she was assured by Flores and Nelson Fabel, a Colonial Life representative, that the Colonial Life policy would remain in effect until January 1st, 1998.
Approximately one month after cancel-ling the Colonial Life policy, Ms. Green was diagnosed with cancer. Ms. Green testified that she called Colonial Life when she returned home and was advised that her policy was cancelled effective October, 1997. Nevertheless, Ms. Green filed an application for payment of benefits under *632 the Colonial Life policy and was denied benefits.
As a result, Ms. Green filed a three count Complaint against Flores, Capital Insurance Agency, and Colonial Life. Specifically, Ms. Green brought a Negligent Misrepresentation claim against Flores, alleging that Flores made a false statement regarding the coverage period of Ms. Green’s cancer policy; a Negligent Misrepresentation claim against Capital Insurance for the acts of its agent, Flores; and a claim for Wrongful Cancellation of Insurance Policy against Colonial Life, alleging that she was told her policy would remain in effect through the end of 1997. Ms. Green sought damages for payment of medical bills, attorney fees and costs.
Ms. Green subsequently settled with Colonial Life for $1,000. Flores and Capital Insurance served Ms. Green with a formal Offer of Judgment/Proposal for Settlement in the amount of $5,000. Ms. Green did not accept the offer and the matter proceeded to trial. Flores and Capital Insurance filed a Motion in Limine to restrict the presentation of any evidence relating to pain and suffering, mental anguish, and unpaid medical bills. Flores and Capital Insurance argued that any state of mind claim was barred by Florida’s Impact Rule; and that Green did not plead Fraudulent Misrepresentation or Punitive Damages. Flores and Capital Insurance argued that Green’s damages were limited to the policy benefits that would have been provided by the Colonial Life policy. The trial court denied the Motion in Limine and the matter proceeded to trial.
At trial, Flores and Capital Insurance renewed the Motion in Limine after Green’s counsel questioned Green about her mental anguish and distress. The trial court allowed the testimony, reasoning that she could set aside any award for mental anguish. Flores and Capital Insurance renewed the Motion again after Ms. Green’s counsel introduced evidence of the medical bills. Flores and Capital Insurance argued that introduction of the medical bills would confuse the purpose of the supplemental policy, to wit, that Ms. Green’s HMO covers the bills and the Colonial Life policy was only a supplemental insurance policy. The court allowed the bills into evidence, explaining to counsel that she could later enter a Directed Verdict.
The jury subsequently returned its verdict in favor of Ms. Green, and awarded her $20,000 for medical expenses and $105,000 for pain and suffering. The jury also found that Ms. Green herself was 15% negligent. Flores and Capital Insurance filed a Motion for Judgment Notwithstanding the Verdict, for New Trial, or for Remittitur. As it had previously ruled during trial, the trial court struck the $105,000 pain and suffering award, finding that it was contrary to Florida law, and that no claim to support was pled or demanded in the Complaint. With respect to the $20,000 award for medical expenses, Flores and Capital Insurance argued that the award should be reduced to $3,480, which is the maximum benefits that Ms. Green was entitled to during the period for which she would have been covered by Colonial, from October of 1997 (when she was diagnosed) through December of 1997 (the end of the policy period). The court denied the remittitur. On rehearing, re-mittitur was denied again. Final Judgment was entered for Green in the amount of $16,000 — the $20,000 verdict amount, less 15% for her own negligence, less $1,000 to set off Colonials settlement. We agree with Flores and Capital Insurance.
Generally, an insurance agent’s liability for negligence leading to the cancellation of an insurance policy cannot exceed the amount of the insurance obtained. See *633 Thal v. Shiman, 524 So.2d 1156, 1157 (Fla. 3d DCA 1988); Cat ‘N Fiddle, Inc. v. Century Ins. Co., 200 So.2d 208 (Fla. 3d DCA 1967) vacated on other grounds, 213 So.2d 701 (Fla.1968). In the instant case, Ms. Green brought suit for Negligent Misrepresentation against Flores and Capital Insurance, and her damages are a result of the cancellation of a supplemental insurance policy. Consequently, her recovery is limited to the policy limits of the Colonial Life policy. Accordingly, we conclude that the trial court erred in denying Flores and Capital Insurance’s Motion for Remittitur, and remand the matter for calculation of the Colonial policy limits.
Reversed and remanded with directions.

. The distinction between a "post-tax” policy and a "pre-tax” policy was explained at trial. If an employee with a "post-tax” policy elects to cancel the policy, the cancellation is effective immediately upon notification to the insurer. On the other hand, if an employee with a "pre-tax” policy elects to cancel, the cancellation does not take effect, and coverage continues, until the end of the existing policy period.