RAWLS, Judge.
Appellant appeals an adverse final judgment finding that his insurance had been effectively canceled prior to his automobile accident on May 30, 1969. Appellant’s contention is twofold, viz.: That the insurance had not been effectively canceled because the procedure for cancellation set out in the policy had not been followed; and that he did not authorize the insurance agent to cancel the policy.
The factual situation is: In 1965 William Schemer and Murray Tandet were co-owners of two construction companies, William Murray Builders and Atlantic Construction and Mortgage Company, primarily engaged in the building of apartments. William Murray Builders purchased cars for the use of the two owners which were owned and insured by the company. The insurance policies were procured through Cambridge Insurance Agency (in which both Schemer and Tandet were stockholders) and were written by the Aetna Insurance Company of Hartford, Connecticut, covering William Mur *26 ray Builders, Atlantic Construction and Mortgage Company, Schemer, Tandet and their wives. The premiums were paid by Cambridge which held the policies but Cambridge was repaid by Schemer and Tandet.
In March of 1969 Tommy Gay, president of Cambridge Insurance Agency, met with Schemer and Tandet regarding the insurance policies. He suggested that, since the two companies were no longer engaged in the apartment building business, the two men should transfer ownership of the cars to their individual names and arrange for individual insurance coverage.
Both Tommy Gay and Murray Tandet testified that all three men agreed that the company policies would be canceled effective April 1, 1969. On March 25, 1969, Tommy Gay marked the two policies “Canceled” and mailed them back to Aetna. Several days later he wrote notes to the two men reminding them of their need for individual insurance coverage. Murray Tandet did arrange for other insurance coverage on the car he was driving in April 1969 although he did not officially change the registration until several months later. Appellant did not arrange for individual coverage on his car.
Appellant Schemer contends that he never authorized the cancellation of the company policies and that at the March 1969 meeting all that the three men agreed to was he and Tandet were to look into the possibility of obtaining individual insurance coverage on the cars and advise Cambridge Insurance Agency of what they wanted to do. Appellant maintains that he never had possession of the policy and had never been notified of its cancellation.
On May 30, 1969, appellant was involved in an automobile accident. Aetna refused coverage and appellant filed suit. The trial court, after a non jury trial, entered a final order finding that “The insurance agent was authorized to and did submit the said policy to defendant for cancellation effective April 1, 1969, and that plaintiff is not entitled to coverage thereunder.” We agree.
Appellant primarily argues that under the policy provisions there are two methods of cancellation, viz.: (1) By the insured through surrender of the policy to the company, and (2) By the company through written notice to the insured. Appellant’s contention is that the note sent by the insurance agent, Gay, is not written notice of cancellation from the company to him and that, because he never had possession of the policy, he did not surrender it to the company. Appellant cites Graves v. Iowa Mutual Insurance Company, 132 So.2d 393 (Fla.1961), and Millers Mutual Fire Insurance Company of Texas v. American Fidelity Fire Insurance Company, 178 So.2d 742 (Fla.DCA 3d, 1965), to show that Florida courts have required a strict compliance with the procedure prescribed in the insurance policy before cancellation is effective.
The two cases are inapplicable. The trial court was presented with an issue of fact, viz.: Did appellant Schemer authorize Gay to act as his agent in this one instance and cancel the insurance policy by mailing it to the company? The trial court apparently determined that he did and thus the procedure prescribed in the policy for effective cancellation had been followed. It is clear that appellant and Tandet as co-owners of the companies which owned the policies could give this authorization. The trier of fact is in the best position to evaluate the credibility of the witnesses and the weight of the evidence presented. His determination of the issues of fact will not be disturbed by this court.
Affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.