316 So.2d 612 (1975)
AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Katherine Y. PAJOR et al., Appellees.
No. 74-353.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
Lawrence M. Watson, Jr. and Robert L. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
Karl O. Koepke of Whitaker, Koepke & Assoc., Orlando, for appellees, Pajor, Thompson and Harrell and others.
Donald L. Gattis and James M. Corrigan of Maguire, Voorhis & Wells, P.A., Orlando, for appellees, Continental Ins. Co. and Murphy Transportation, Inc.
OWEN, Judge.
The issue on this interlocutory appeal is whether appellant's liability insurance policy had been effectively cancelled prior to the time the insured's vehicle was involved in a collision. We affirm the trial court's summary judgment which held that appellant's policy provided coverage.
*613 Murphy Transportation, Inc. is an Alabama trucking company registered with the Interstate Commerce Commission as an interstate motor carrier. Murphy is not registered with the Florida Public Service Commission as an intrastate carrier and does not hold a Florida certificate of public convenience and necessity. However, Murphy does hold a Florida certificate of registration reflecting its interstate carrier status.
On October 22, 1971 appellant, American Automobile Insurance Company, issued a policy of liability insurance insuring Murphy for a one year period beginning October 22, 1971 and ending October 22, 1972. A certificate of insurance was filed with the Interstate Commerce Commission and in applying for a certificate of registration under Fla. Stat. § 323.28 (1971), a similar certificate of insurance was filed with the Florida Public Service Commission. Notwithstanding the expiration date shown on the face of the policy, an endorsement to the policy provided as follows:
"The policy to which this endorsement is attached shall not expire nor shall cancellation take effect until after thirty (30) days notice in writing by the company shall first have been given to the Florida Public Service Commission at its office in Tallahassee, Florida, said thirty days to commence to run from the date the notice is actually received at the office of the Commission."
The certificate of insurance filed with the Public Service Commission contained a provision substantially similar to the above endorsement, and the certificate of insurance filed with the I.C.C. also contained a substantially similar provision except to provide that the thirty days notice in writing would commence to run from the date notice was actually received at the office of the I.C.C. in Washington, D.C.
On or about October 22, 1972 Continental Insurance Company issued to Murphy a policy of liability insurance replacing the policy issued by appellant. On October 26, 1972 the I.C.C. received from appellant notice of cancellation of appellant's policy effective November 26, 1972. The Florida P.S.C. received a similar notice on October 30, 1972 and approved the cancellation effective November 26, 1972. On the same day (October 30, 1972) the I.C.C. received and approved a replacement certificate of insurance from Continental Insurance Company on the policy it had issued to Murphy as of October 22, 1972. On November, 6, 1972 a Murphy truck, engaged in an interstate movement, was involved in the accident which is the basis of the present litigation.
The foregoing facts (as well as others not deemed relevant to this decision) were without dispute. On the basis thereof appellant moved for summary judgment as to its liability under its policy to Murphy. At the hearing on that motion, the plaintiffs moved orally for partial summary judgment as to appellant's liability for coverage under the policy. Denying the former motion and granting the latter, the court held that the thirty days notice provision of Fla. Stat. § 323.06(3) (1971) was applicable, and alternatively, that the endorsement to appellant's policy (which we have quoted above) prevented effective termination of appellant's policy until November 26, 1972.
Appellant contends, and we agree, that Fla. Stat. § 323.06(3) (1971) applies only to intrastate motor carriers holding either a Florida Public Service Commission certificate of public convenience and necessity or a permit, and does not apply to interstate carriers operating under the authority of the Interstate Commerce Commission holding only a certificate of registration from the Florida Public Service Commission. This is made abundantly clear by Fla. Stat. § 323.28 (1971) which provides, in part, as follows:
"(1) Neither this part nor any provisions hereof shall apply or be construed to apply to commerce with foreign nations or commerce among the several *614 states of the union except insofar as the same may be permitted under the provisions of the constitution of the United States and the acts of congress."
Appellant also contends that where its policy of insurance with Murphy was issued for the purpose of obtaining a certificate of public convenience and necessity under the Federal Motor Carrier Act, the provisions of the act and regulations promulgated pursuant thereto relating to the method of cancellation of the policy became a part of the policy and superceded any contrary provisions therein. Specifically, appellant contends that the endorsement attached to its policy (preventing the policy from expiring or from being cancelled until after thirty days written notice has been filed with the Florida Public Service Commission) is superceded by subsection (e) of 49 C.F.R. 1043.7,[1] promulgated by the I.C.C. as authorized by the Federal Motor Carrier Act of 1935, 49 U.S.C. § 301 et seq.
Appellees counter this argument, and we think correctly, by pointing to 49 C.F.R. 1023 as the applicable regulation to be followed whenever a state (such as Florida) requires a motor carrier to file and maintain evidence of currently effective bodily injury and property damage liability insurance.
Section 1023.51 provides that whenever a state requires a motor carrier to file and maintain evidence of currently effective bodily injury and property damage liability security, the motor carrier shall not engage in interstate commerce within the state unless and until there shall have been filed with and accepted by the commission of such state a currently effective certificate of insurance. Section 1023.52 provides that such certificate of insurance shall state that the insurer has issued to such motor carrier a policy of insurance which by endorsement provides automobile bodily injury and property damage liability insurance covering the obligations imposed upon such motor carrier by the provisions of the law of such state. Section 1023.53 provides that such endorsement shall be attached to the insurance policy and shall form a part of it. Finally, Section 1023.71 provides that the insurer shall give to the state commission notice of the cancellation of the insurance policy by filing with the commission the prescribed [Form K] notice, which form expressly provides that the date of cancellation shall be not less than thirty days after the actual receipt of the notice by the commission.
We think it clear that appellant complied with these regulations and that irrespective of the issuance of the replacement policy on October 22, 1972, the policy of insurance between appellant and Murphy Transportation, Inc. is governed by its own express terms, including the provision for cancellation effective November 26, 1972. Continental Insurance Company, a complete stranger to that contract, could not unilaterally alter its terms merely by issuing a replacement policy.
Affirmed.
CROSS and MAGER, JJ., concur.
NOTES
[1] Subsection (e) of 49 C.F.R. 1043.7 provides:

"(e) Termination by replacement. Certificates of insurance or surety bonds which have been accepted by the Commission under these rules may be replaced by other certificates of insurance, surety bonds or other security, and the liability of the retiring insurer or surety under such certificates of insurance or surety bonds shall be considered as having terminated as of the effective date of the replacement certificate of insurance, surety bond or other security, provided the said replacement certificate, bond or other security is acceptable to the Commission under the rules and regulations in this part." (emphasis supplied)