377 So.2d 733 (1979)
Stephanie WILLIAMS, Appellant,
v.
SECURITY MUTUAL CASUALTY COMPANY, Appellee.
No. 79-330.
District Court of Appeal of Florida, Third District.
November 20, 1979.
Rehearing Denied January 3, 1980.
Goldstein & Goldstein and Caron Balkany, Miami, for appellant.
*734 Stephens, Schwartz, Lynn & Chernay and Robert M. Klein, Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
The final judgment appealed from, which was entered after a non-jury trial in a declaratory decree action, is affirmed upon the holding that: (a) the insurance policy in question covered a policy period of three months which automatically lapsed when the insured failed to pay the required premium on or before the expiration date of the policy, (b) no notice to the insured was required under Section 627.728, Florida Statutes (1977), as the insurance policy herein was not cancelled, but merely lapsed, and (c) the doctrine of estoppel cannot be relied upon to revive the lapsed policy. Accordingly, the final judgment holding that there was no coverage under the policy for an automobile accident which occurred after the policy had lapsed was eminently correct. Unijax, Inc. v. Factory Insurance Assn., 328 So.2d 448 (Fla. 1st DCA 1976); Safeco Insurance Co. of America v. Oehmig, 305 So.2d 52 (Fla. 1st DCA 1974).
Affirmed.
SCHWARTZ, Judge (dissenting).
The precise nature of the documents through which Security Mutual insured Ms. Williams forms the basis of my disagreement with the majority decision to affirm. The company provided a multi-page printed document which contained all the conditions of coverage but which did not itself contain the name of the insured, the limits, or  what is important here  the applicable term of insurance. All of these provisions were contained in separate, successive, declaration sheets, which were to be attached to the "policy" and which each provided for a 90-day policy period.
The issue in this case arose because Ms. Williams did not timely pay the premium for the third three-month period after the policy had been initially issued, during which she was involved in an accident with an uninsured motorist. Although the record demonstrates that no proper notice of cancellation for non-payment had been sent to the insured, the trial court held that such a notice was not necessary because the insurance policy was not in fact cancelled but, rather, had lapsed or was simply not renewed by Ms. Williams for the third 90-day period. While I agree that a notice of "cancellation" was under these circumstances not required by the terms of the applicable statute, Sec. 627.728, Fla. Stat. (1975), such a notice was required, in my view, by the terms of the insurance contract itself. See American Automobile Ins. Co. v. Pajor, 316 So.2d 612 (Fla. 4th DCA 1975); Millers Mut. Fire Ins. Co. of Texas v. American Fidelity Fire Ins. Co., 178 So.2d 742 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 315 (Fla. 1966); 18 Fla.Jur. Insurance § 455 (1971). The pertinent clause states:
This policy may be canceled by the company by mailing to the insured named in Item 2 of the declarations at the address shown in this policy, written notice stating when not less than forty-five days thereafter such cancelation shall be effective provided that, if the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, this policy may be canceled by the company by mailing to such insured written notice stating when not less than ten days thereafter such cancelation shall be effective. [emphasis supplied]
Under this provision, which must of course be construed most strongly against the company, Hartnett v. Southern Ins. Co., 181 So.2d 524 (Fla. 1965), Security Mutual undertook to "cancel" the insurance coverage and to give notice of that cancellation when, as here, there was no timely payment for a new quarterly term. Such a non-payment clearly constituted a failure to discharge an obligation "in connection with the payment of premium for this policy or *735 any installment thereof," since the term "this policy" was contained in and obviously referred to the printed form which applied to each and all of the successive renewals. I would therefore reverse the judgment below.