406 So.2d 1227 (1981)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
William MORGAN, As Personal Representative of the Estate of Linda J. Morgan, Deceased, and C & W Leasing, Inc., and Canal Insurance Company, Appellees.
No. 80-1469.
District Court of Appeal of Florida, Fifth District.
December 2, 1981.
Robert A. Hannah of Pitts, Eubanks & Ross, P.A., Orlando, for appellant.
Harry W. Lawrence of Lawrence, Griffin & Dick, Orlando, for appellee Canal Ins. Co.
No appearance for appellees William Morgan and C & W Leasing, Inc., etc., et al.
FRANK D. UPCHURCH, Jr., Judge.
This appeal concerns a dispute between two insurance companies arising from a suit wherein William Morgan as personal representative of the estate of Linda J. Morgan, deceased, recovered a judgment from appellee, C & W Leasing, Inc., a trucking firm.
Appellant Insurance Company of North America (INA), had insured C & W Leasing, *1228 Inc. but alleged that its policy had expired prior to the date of the accident. C & W had replaced its INA coverage with a policy from Canal Insurance Company which was in effect on the date of the accident. INA failed to notify the Public Service Commission that the policy had expired by filing Form K until after the date of the accident. Therefore, Canal contended the INA coverage was still effective and therefore INA was obligated to contribute fifty percent of the loss.
Canal invited the participation of INA in settlement of the claims, placed INA on notice of intent to settle and to seek contribution for such settlements. INA declined to participate and refused contribution. Summary final judgment for contribution was entered in favor of Canal. INA appeals.
The first point on appeal questions whether Public Service Commission Rule 25 is an unconstitutional exercise of agency rule-making power in violation of article II, section 3, Florida Constitution.
Rule 25-5.31(5)(A), Florida Administrative Code,[1] requires thirty days notice to the Commission before the effective expiration or cancellation of an insurance policy issued to a motor carrier.
Section 120.54(7), Florida Statutes (1979), requires that each administrative rule refer "to the specific rule-making authority pursuant to which the rule was adopted ... to the section or subsection of the Florida Statutes or the Laws of Florida being implemented, interpreted, or made specific." Rule 25-5.31(5)(A) cites as authority chapter 323, Florida Statutes, and the rules and regulations of the Florida Public Service Commission adopted thereunder.
It is Canal's position that the Legislature enacted a comprehensive plan regulating *1229 motor carriers and then conferred upon the Public Service Commission the authority to administer that plan with the primary intent of protecting the public. INA maintains that established rules of statutory construction compel the conclusion that the Legislature intended to exclude the subject of expiration from the operation of section 323.06(3) or at least, create a reasonable doubt as to the power of the Public Service Commission to include expiration in Rule 25, and therefore this application of Rule 25 is an incorrect exercise of agency rule-making power.
INA notes that section 323.07, Florida Statutes (1979), provides the Public Service Commission with general regulatory authority over motor carriers but argues that those general provisions cannot be used to imply the power to require notice of expiration because the specific provisions of Section 323.06(3), Florida Statutes (1979), preempt this area. Section 323.07 provides in pertinent part:
The Commission may supervise and regulate every motor carrier in the state operating under the authority of this part, fix or approve ... rules and regulations for such motor carriers, regulate the service and safety of operations of each such motor carrier ... require the filing of annual and other reports and other data by the motor carriers; and supervise and regulate motor carriers in all other matters affecting the relationship between such companies and the traveling and shipping public.
Canal argues that the two statutory subsections should be construed in pari materia because they involve the same subject. State ex. rel. McClure v. Sullivan, 43 So.2d 438 (Fla. 1949). Canal refers to cases supporting the legislative intent to extend broad discretion to the Public Service Commission in making its decisions. See Kimball v. Hawkins, 364 So.2d 463 (Fla. 1978); Greyhound Lines, Inc., Southern Greyhound Lines Division v. Mayo, 207 So.2d 1 (Fla. 1968); Fogarty Brothers Transfer, Inc. v. Boyd, 109 So.2d 883 (Fla. 1959). Other cases grant authority by necessary implication within the limits of that discretion. Deltona Corporation v. The Florida Public Service Commission, 220 So.2d 905 (Fla. 1969).
The legislative intent of chapter 323 was the protection of the public against injury caused by the negligence of motor carriers. INA's contention that Rule 25-5.31(5)(A) is an abuse of the Public Service Commission's authority and therefore unconstitutional would result in a gap in such protection if the first insurer failed to file notice and the motor carrier did not secure replacement insurance.
We conclude that to construe the Public Service Commission's authority in a narrow sense would defeat the intent of the Legislature to protect the public. We therefore hold that Rule 25-5.31(5)(A) is not an abuse of the commission's rule-making authority.
INA also contends that its policy and the Canal policy "did not share an identity of the nature of the risk covered," because INA's coverage was secondary as compared to primary coverage by Canal. It points out that INA received no premiums from C & W Leasing for coverage after April, 1978. On the other hand, Canal was paid the requisite premium and had accepted the contract obligation to provide coverage during the period in which the accident occurred. The only reason a claim is possible is because INA failed to file Form K notifying the Public Service Commission that the policy had expired.
A case directly on point is National Indemnity Company v. Pennsylvania National Mutual Insurance Company, 363 So.2d 151 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979), which was an action for declaratory judgment by one insurer of a motor transport company against a former insurer of the same company. On January 23, 1971, Penn cancelled its policy but did not notify the Public Service Commission. Six days later National issued a policy and filed its certificate with the Public Service Commission. When an accident occurred a few weeks later, the Public Service Commission had two certificates on file. The injured party filed suit against the insured, *1230 and National subsequently settled with the plaintiffs and filed an action for declaratory relief against Penn. The appellate court ruled that Penn's policy was still in effect and that National's cause of action for contribution or indemnity was viable.
We agree, however, with Judge Pearson's dissent in National Indemnity:
I would affirm upon the principle that a legislative act should not be construed so strictly so as to defeat the obvious and more plausible intention of the lawmakers... . Common sense would indicate that neither the motor carriers nor the public could expect two liability policies to exist at the same time in a situation such as this. Of course, the public eventually pays for the insurance policies deposited by motor carriers. Therefore, to hold a first insurer liable after the second insurer has been substituted and accepted by the regulatory body is waste... . I would follow the administrative interpretation of the statute shown by the acceptance of the new policy as a substitute. (Citations omitted.)
363 So.2d at 154.
The requirement of a bond as a condition of a valid permit to operate carries out the legislative intent to assure that anyone injured by a trucking company's vehicle will have funds to compensate for his damages. Notice to the Public Service Commission assures the commission time to revoke the permit if for any reason the bond (or policy) is to terminate. Section 323.06(3), Florida Statutes (1979), provides:
No certificate or permit shall be valid until such bond has been filed and approved, and no such bond so accepted shall be cancelled by the company issuing the same upon thirty days' notice to the Commission and upon such notice being given by the company issuing said bond or bonds, the certificate or permit of the person or the corporation given bond shall be revoked, unless a new bond shall be filed and accepted before the date for the cancellation of the said bond. However, the applicant may, in the discretion of the Commission, be allowed to file in lieu of bond an insurance policy, which shall be approved by the Commission, with some casualty or insurance company authorized to do business in the state.
C & W Leasing obtained a new policy (Canal's) which was filed and accepted by the Public Service Commission. There was no lapse of coverage. The very purpose of the notice, the securing of new coverage or cancellation of the permit, had been fulfilled. To require INA to contribute to Canal in these circumstances would serve no purpose in the protection of the public and would simply be a windfall for Canal at the expense of INA. When it undertook the risk, Canal did not anticipate such contribution and it played no part in the extent of the risk which Canal was paid to assume. We therefore conclude that the summary judgment of the trial court was incorrect and REVERSE.
This opinion directly conflicts with National Indemnity Company v. Pennsylvania National Mutual Insurance Company, 363 So.2d 151 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979).
COBB, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The issue in this case is whether both INA and Canal had policies insuring C & W Leasing, Inc., on the date of the accident. I agree with the majority opinion that section 323.07, Florida Statutes (1979) provides the Public Service Commission with authority to promulgate Rule 25-5.31(5)(A). This Rule clearly requires that insurance policies filed with the Commission (pursuant to maintaining or obtaining a certificate or permit) must contain endorsements which state that these policies will not expire or be cancelled without notice to the Commission and the lapse of thirty (30) days thereafter.[1] No notice was sent by INA prior to *1231 the accident. It then follows that INA's policy was in effect. This is almost "on all fours" with National Indemnity Company v. Pennsylvania National Mutual Insurance Co., 363 So.2d 151 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979). See also American Automobile Insurance Co. v. Pajor, 316 So.2d 612 (Fla. 4th DCA 1975).
The majority, in my view, has undertaken to rewrite an agency rule, and incidentally a contract for insurance, along lines which are wise and perhaps advisable. However, that is not an appropriate judicial function. Home Development Company of St. Petersburg v. Bursani, 178 So.2d 113 (Fla. 1965); Steiner v. Physicians Protective Trust Fund, 388 So.2d 1064 (Fla. 3d DCA 1980), review denied, 397 So.2d 779 (Fla. 1981). See also Hill v. School Board of Leon County, 351 So.2d 732 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla. 1978); 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977).
NOTES
[1] Florida Administrative Code Rule 25-5.31(5)(A):

(5) Except as above set forth, the following form of endorsement must be attached to all insurance policies:
(A) Endorsement covering Persons and Property except Cargo.
The policy to which this endorsement is attached is written pursuant to and is to be constructed in accordance with Chapter 323, Florida Statutes, and the rules and regulations of the Florida Public Service Commission adopted thereunder. The purpose of this endorsement is to make certain during the term of said policy and any renewal thereof the liability of the company to any person injured in person or property by negligence of the insured as hereinafter set forth.
In consideration of the premiums stated in the policy to which this endorsement is attached, the company agrees to pay the judgment creditor any final judgment rendered against the insured upon a liability hereunder within the limits set forth in the schedule shown hereon and further agrees that upon its failure to pay any such final judgment, such judgment creditor may maintain an action against the company in the proper court to compel such payment.
And the said company for the consideration aforesaid by the policy of insurance to which this endorsement is attached, hereby insures and agrees to indemnify the insured during the term of said policy or any renewal thereof, against loss sustained by reason of bodily injury to or the death of any person or loss of or damage (in excess of $50.00) to property of others ... while operating as a motor carrier the motor vehicle or vehicles, trailer or trailers enumerated in the schedule of statements, or any substituted or emergency vehicle, under and in accordance with a certificate of public convenience and necessity, certificate or registration or permit issued by the Florida Public Service Commission, notwithstanding, and, in addition to liability risks of a different character, if any, provided of in said policy.
No condition, provision, stipulation or limitation contained in the policy or any other endorsement thereon, nor the violation of any of the same by the insured shall affect any way the right of any persons injured in person or property by the negligence of the insured or relieve the company from the liability provided for in this endorsement, or from the payment to such person of any such judgment, within the limits set forth in the schedule shown hereon; but the conditions, provisions, stipulations and limitations contained in the policy, and any other endorsements thereon, shall remain in full force and be binding as between the insured and the company.
The policy to which this endorsement is attached shall not expire nor shall cancellation take effect until after thirty (30) days notice in writing by the company shall have first been given to Florida Public Service Commission at its office in Tallahassee, Florida, said thirty (30) days notice to commence to run from the date the notice is actually received at the office of the Commission.
[1] INA represented to the Public Service Commission that its policy contained this endorsement. Whether or not the endorsement was actually ever formally attached to the policy we do not think is determinative.