COWART, Judge.
This case involves the right of an insurance company which had issued a replacement fire policy to prorate loss with another insurance company which had issued the prior fire policy on the same property when the fire loss occurs after the first policy is cancelled but within the 10 day notification of cancellation period that the first company was required to give a mortgagee under a loss payable clause.
Mr. and Mrs. Floyd owned a house subject to a mortgage in favor of First Federal Savings and Loan Association and covered by a fire insurance policy issued by appellant, State Farm Fire and Casualty Insurance Company. The policy contained a standard mortgagee clause covering the mortgagee. The Floyds sold the house to the Oglesbys who applied to the mortgagee to assume the mortgage. The mortgagee required the purchasers to provide fire insurance coverage. The purchasers obtained fire insurance coverage from the appellee, Aetna Fire Underwriters Insurance Company, which policy was issued effective April 21, 1976. At the request of the Floyds, State Farm on July 7, 1976, notified the Floyds that their policy had been cancelled effective April 21, 1976, and sent a copy of the letter to the mortgagee with a postscript assuring it that its interest would continue to be protected until July 20, 1976,[1] pursuant to a policy provision.[2] The house was totally destroyed by fire on July 14, 1976. The two insurance companies litigated their respective liability and the trial court agreed with Aetna’s claim that dual coverage existed at the time of the loss and that Aetna was entitled to prorate the loss with State Farm. State Farm appeals that determination.
We note the difference between an “open” loss payable clause and a “New York” or “standard” loss payable clause. See 5A J. Appleman, Insurance Law and Practice § 3401 (1969). In this case, both policies contain a “standard” loss payable clause and under such clause the mortgagee is an insured whose independent rights under the policy cannot be adversely affected *146 by the rights of the insured owners. The Oglesbys became owners of the property on April 15,1976, and paid Aetna to insure and protect themselves and the mortgagee from the risk of loss by fire effective as of April 21, 1976. On the other hand, the Floyds had State Farm cancel its policy and protection as of April 21, 1976, and State Farm calculated its return premium as of that date. Of course, this cancellation was subject to State Farm’s direct obligation to the mortgagee under the mortgagee clause, which obligation continued to protect the mortgagee’s interest for 10 days after the written notice of cancellation to the Floyds. Nevertheless, the mortgagee’s rights as mortgagee are only to be repaid money it has loaned and to have the security of the value of the unburned mortgaged house as collateral for the debt to it. The mortgagee’s rights as an insured mortgagee are only to be protected by insurance from loss of, or damage to, its security occasioned by the risk covered by the insurance. The policy provision requiring that the mortgagee be given a 10 day notice before the policy can be effectively cancelled as to such mortgagee is obviously for the benefit of the mortgagee and its interest and not for the benefit of the owner or any third party, such as another fire insurance company writing a policy intended to replace the prior policy. Likewise, it is evident that the 10 day period is to give the mortgagee opportunity to acquire replacement insurance to protect its interest.[3] When a replacement policy is in force and effect, the mortgagee’s interest is protected, the purpose of the 10 day notice provision has been fulfilled and the prior cancellation of the first (replaced) insurance policy should be deemed effective as to the mortgagee, which is then protected by the replacement policy. This construction avoids unintended double or dual insurance coverage and is consistent with our conclusion in Insurance Co. of North America v. Morgan, 406 So.2d 1227 (Fla. 5th DCA 1981). Accordingly, the final judgment below is reversed and the cause is remanded for entry of judgment for appellant and for any other appropriate proceedings.
REVERSED and remanded.
DAUKSCH, C. J., and COBB, J., concur.

. The letter to the Floyds read in part “as you requested, your policy has been cancelled effective April 21, 1976. Enclosed is your return premium of $23.” A blind postscript to the mortgagee read “your interest in this policy will continue to be protected until July 20, 1976, at which time coverage is terminated.”

. The policy provided:
If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days’ written notice of cancellation.

. Cat ’N Fiddle, Inc. v. Century Ins. Co., 213 So.2d 701 (Fla.1968); Graves v. Iowa Mut. Ins. Co., 132 So.2d 393 (Fla.1961); Frazier v. Standard Guaranty Ins. Co., 382 So.2d 392 (Fla. 4th DCA 1980).