424 So.2d 749 (1982)
CANAL INSURANCE COMPANY, Petitioner,
v.
INSURANCE COMPANY OF NORTH AMERICA, Respondent.
No. 61516.
Supreme Court of Florida.
December 16, 1982.
Harry W. Lawrence of Lawrence, Griffin & Landis, Orlando, for petitioner.
Robert A. Hannah of Pitts, Eubanks & Ross, Orlando, for respondent.
*750 OVERTON, Justice.
This is a petition to review the decision of the Fifth District Court of Appeal in Insurance Co. of North America v. Morgan, 406 So.2d 1227 (Fla. 5th DCA 1981), which directly conflicts with the decision in National Indemnity Co. v. Pennsylvania National Mutual Casualty Insurance Co., 363 So.2d 151 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 461 (Fla. 1979). We have jurisdiction under article V, section 3(b)(3), Florida Constitution, and approve the decision in Morgan.
The issue is whether respondent, Insurance Company of North America (INA), as a predecessor company which did not file a notice of policy expiration with the Florida Public Service Commission (PSC) for certain motor carrier liability coverage, is liable for fifty percent contribution to its successor insurance company, petitioner, Canal Insurance Company (Canal). The district court held that there was no liability for contribution. We agree, our decision being limited to the issue of contribution between the insurance companies. We do not address the possible liability of the predecessor insurance company to third-party beneficiaries of the policy when that company has failed to file the required expiration notice.
The facts reflect that a judgment was entered in a wrongful death action against C & W Leasing, Inc., a trucking company regulated by the PSC. C & W Leasing had been insured by INA, but that policy had expired prior to the accident giving rise to the wrongful death action. INA failed to file notice of expiration with the PSC as required by rule 25-5.31(5)(A), Florida Administrative Code. The trucking firm timely replaced INA's policy with one written by Canal. Canal filed its policy with the PSC, which granted approval of the coverage, and Canal was receiving premiums under the policy at the time of the accident. Canal filed suit against INA for contribution, basing its claim solely on INA's failure to file the required expiration notice with the PSC. Canal knew it was a successor insurance carrier, and it fully expected to have primary coverage for any accident which occurred during the covered period.
In a thorough, well-reasoned opinion, the district court reversed the trial court's summary judgment against INA and held that Canal was not entitled to contribution. Finding that the legislature intended the notification requirement to protect the public by assuring that a motor carrier have funds available, at all times, to compensate anyone injured by its vehicles, the district court noted that C & W Leasing experienced no lapse in insurance coverage, Canal's policy having been obtained immediately upon expiration of the INA policy. Because Canal assumed the full risk of insuring C & W Leasing and determined its premiums without anticipation of contribution from INA, the district court found that Canal was not entitled to seek a fifty percent contribution towards the loss.
We find that the district court properly refused to rely on the notification requirement of rule 25-5.31(5)(A) as authority for granting Canal the right to contribution from INA. We emphasize that the sole purpose of the rule, enacted under the authority of chapter 323, Florida Statutes (1979), is to protect the public against injury caused by the negligence of motor carriers. Neither the rule nor chapter 323 was intended to be used to diminish a current insurer's liability for an accident which it received a premium to cover. To hold otherwise would grant the current insurer a right of contribution amounting to a "wind-fall" not contemplated by the legislature or the PSC.
We approve the decision of the district court in this case and disapprove National Indemnity Co. to the extent of conflict with the instant opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD and EHRLICH, JJ., concur.