COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. MILLERS NATIONAL INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—88—0466

Opinion filed January 26, 1989.

Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington (John L. Morel, of counsel), for appellant.

Christopher L. Nyweide, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Country Mutual Insurance Company (Country Mutual) filed an action for declaratory judgment against defendant Millers National Insurance Company (Millers National), seeking to determine which of the two insurance companies had the responsibility for liability coverage of vehicles belonging to or leased by Fairview Cartage, a common carrier. Both parties filed motions for summary judgment. The circuit court of McLean County denied summary judgment for Country Mutual and granted summary judgment for Millers National. Country Mutual appeals. We affirm.

In this cause, we are confronted with an issue of first impression in Illinois: whether an insurance company, which insured a common carrier for a period of time but terminated its policy without filing a certificate of cancellation with the Illinois Commerce Commission, but has no apparent insurance policy in effect, is required to contribute in whole or in part to losses sustained by the insurance company with actual liability coverage. In addition, Millers National raises a question pertaining to jurisdiction. We will first discuss the jurisdictional question.

In January 1988, both parties filed motions for summary judgment. The motions were consolidated for hearing. Following the hearing, the court denied summary judgment for Country Mutual and

granted summary judgment for Millers National, as stated above. Within 30 days, Country Mutual filed a motion requesting the trial court to reconsider its order in all respects. Following a further hearing, the court denied the motion to reconsider. Country Mutual filed a timely notice of appeal. Millers National argues the orders of the trial court are not final and appealable because the court did not specifically order the complaint dismissed at the same time it denied Country Mutual's motion for summary judgment. Millers National cites the rule that an order refusing to enter summary judgment is not appealable. (*Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 558-59, 474 N.E.2d 744, 749.) However, in this case, the court granted summary judgment for Millers National, which finally disposed of the entire matter. The trial court's order was final and appealable. We now turn to the facts pertinent to the merits of this appeal.

Millers National issued a policy of Truckers Liability Insurance, No. GLA 20 17 08, to Vern Hellyer, d/b/a Fairview Cartage, Crystal Lake, Illinois (Fairview Cartage). The policy was effective May 31, 1973, and terminated May 31, 1974. Millers National has no record of the policy being renewed, and they did not receive a premium after the 1974 expiration date.

In 1973, section 18—701 of the Motor Carrier of Property Law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—701) required common carriers, such as Fairview Cartage, to file with the Illinois Commerce Commission proof of liability insurance coverage. A certificate of liability insurance containing the pertinent information about the above-stated policy was filed with the Illinois Commerce Commission on July 12, 1973. The certificate was unsigned, and Millers National has not admitted the certificate originated from its offices. Rather, Millers National indicated in its court filings that it did not have "knowledge sufficient to form a belief as to whether it filed" the certificate. According to the deposition of Thomas Brown, secretary of Millers National and a former claims attorney, the underwriting file was destroyed in the normal course of business in 1983. The certificate includes the following paragraph:

> "Neither the policy, the endorsement described herein, nor this certificate may be canceled except by the expiration of the term for which they are written or any renewal thereof, until the Company or the Insured shall have first given thirty (30) days' notice in writing to the Illinois Commerce Commission, Motor Carrier of Property Division, at its office in Springfield, Illinois, said thirty (30) days to commence to run from the date

said notice is actually received in the office of said Commission."

The certificate states the policy is "[e]ffective from May 31, 1973, to Until Canceled." The certificate remained on file with the Illinois Commerce Commission until 1985.

On June 15, 1982, a motor vehicle leased to Fairview Cartage was involved in a motor vehicle accident which resulted in the death of at least one person and personal injuries to others involved. At the time of the accident, Country Mutual had in effect a policy of liability insurance with Fairview Cartage. Thereafter, litigation was begun in the Nineteenth Judicial Circuit Court, Lake County, Illinois, in cause No. 82—L—952, under the heading Tracy Sorenson, *et al.* v. Fairview Cartage, Inc., *et al.* Country Mutual initially undertook the defense of Fairview Cartage. When Country Mutual became aware of the certificate of insurance in the name of Millers National, Country Mutual tendered the defense of Fairview Cartage to Millers National. Millers National declined the defense of Fairview Cartage. Country Mutual continued with the defense, and a judgment was eventually rendered against Fairview Cartage. Attorneys for Country Mutual negotiated a settlement in the sum of $925,000. In addition to the settlement sum, Country Mutual incurred substantial costs in the defense of Fairview Cartage.

Following the settlement, on April 24, 1985, Country Mutual filed the instant complaint for declaratory judgment against Millers National. Country Mutual alleged the policy of insurance issued by Millers National in 1973 was still in effect by virtue of the fact that no cancellation had been made of the certificate of insurance on file with the Illinois Commerce Commission. Therefore, Millers National had wrongfully refused the tender of defense and was obligated to reimburse Country Mutual for the amount expended in settling the claims arising out of the June 15, 1982, accident, as well as for reasonable attorney fees and expenses incurred in defending and settling those claims. Alternatively, Country Mutual asserted Millers National was liable for a portion of the settlement and costs, the amount to be determined by the court.

On September 3, 1985, Millers National filed a notice of cancellation of policy No. GLA 20 17 08. The notice was signed by Leo Bak, a casualty underwriter with Millers National.

Following the hearing on the motions for summary judgment, the court issued a letter opinion in which it found that Country Mutual had not established the certificate of insurance was, in fact, filed with the Illinois Commerce Commission. The copy submitted to the

court showed no signature, and there was no other evidence to indicate it had been actually filed. The court noted this was sufficient, in and of itself, to defeat Country Mutual's complaint.

Assuming Millers National had filed the certificate of insurance, the court found that, as a matter of law, the filing alone was not sufficient to grant Country Mutual enforceable contract rights:

> "As between the insurance carriers the requirements of the Illinois Commerce Commission pursuant to statute that certificates of insurance must be on file are not for their protection but rather the public policy is that the certificates shall be for the protection of the general public.
>
> The Court is persuaded *** that the law was not intended to provide this plaintiff with any benefit *** where no policy issued by the defendant was in fact extant."

The court noted that Country Mutual had issued its policy without relying on the certificate of insurance. Also, the court gave no special significance to the filing of the notice of cancellation by Millers National. The inference from the late filing of the notice of cancellation that liability insurance may have existed would benefit a plaintiff who was a member of the general public. It would not serve to create liability as between insurance carriers. Subsequently, an order was entered denying summary judgment for Country Mutual and granting summary judgment for Millers National.

Country Mutual filed a motion to reconsider the order and to amend the motion for summary judgment. The requested amendment was the addition of the affidavit of a supervisor from the transportation division of the Illinois Commerce Commission. The substance of the affidavit was that the copy of the certificate of insurance in the court file was a true representation of a certificate of insurance filed with the Illinois Commerce Commission on behalf of Fairview Cartage. However, the court denied the motion to amend and the motion to reconsider.

Country Mutual's arguments on appeal may be grouped into three categories: (1) arguments asserting the certificate of insurance filed in 1973 was in actuality filed by Millers National; (2) arguments that Millers National should be obligated to reimburse Country Mutual for the settlement and costs incurred in cause No. 82—L—952, based on the filing of its certificate of insurance by Millers National; and (3) two technical arguments that Country Mutual should have been granted summary judgment regardless of the court's holding concerning the certificate of insurance.

We choose to directly address the effect of a valid certificate of

insurance on a subsequent insurer when the policy described in the certificate has lapsed. In doing so, we assume the certificate of insurance filed in 1973 was filed by Millers National. We need not respond, therefore, to the arguments in category No. 1.

■■ ■ We hold that Millers National was not obligated to Country Mutual by virtue of the certificate of insurance on file with the Illinois Commerce Commission. Even though the certificate of insurance had not been cancelled, the underlying policy had lapsed some eight years prior to the accident. In contrast, Country Mutual had a policy in effect and was compensated by Fairview Cartage for insuring against loss. Moreover, the policy was issued without any apparent reliance or even knowledge of the uncancelled certificate. Under these circumstances, it would be manifestly unfair to allow Country Mutual to escape from losses it knowingly undertook to insure, and impose the loss on Millers National, which had long forgotten the policy and the relationship it had with Fairview Cartage. Such a result would amount to an undeserved windfall for Country Mutual.

We believe our conclusion conforms to certain relevant principles. Our courts have held that one purpose of section 18—701 of the Illinois Motor Carrier of Property Law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—701), and its predecessor, section 16 of the Illinois Truck Act (Ill. Rev. Stat. 1943, ch. 95½, par. 253), was the protection of the public. (*Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496, 499, 435 N.E.2d 1233, 1234-35; *Illinois Casualty Co. v. Krol* (1944), 324 Ill. App. 478, 481-82, 58 N.E.2d 473, 475-76.) Our holding does not diminish the importance of this policy. Our decision is limited to a controversy over which of two insurance companies is responsible for losses incurred by the insured. We do not address the question of the effect the uncancelled certificate would have on the claims of a plaintiff who was a member of the general public. Similarly, Federal cases have stated the Interstate Commerce Act and the corresponding Federal regulations are designed to protect the public, but are not to excuse a party from a liability he would otherwise have. *Dailey Express, Inc. v. Northern Neck Transfer Corp.* (M.D. Pa. 1980), 490 F. Supp. 1304, 1306; see also *Carolina Casualty Insurance Co. v. Insurance Co. of North America* (3d Cir. 1979), 595 F.2d 128, 138.

Country Mutual argues we should strictly construe the language in the certificate of insurance which requires the filing of a notice of cancellation before a policy will be cancelled. Country Mutual cites *National Indemnity Co. v. Pennsylvania National Mutual Insurance Co.* (Fla. App. 1978), 363 So. 2d 151, *cert. denied* (1979), 370 So. 2d

461, a case with similar facts as the instant case. In *National Indemnity*, insurer No. 1 had insured a common carrier under a motor vehicle liability insurance policy. A certificate of insurance had been duly filed with the proper Florida administrative agency. During the term of the policy, the carrier stopped making premium payments. Insurer No. 1 notified the carrier that it was cancelling the policy, but it did not notify the agency. The carrier obtained a replacement policy with insurer No. 2, and a second certificate of insurance was duly filed with the State agency. Some two months after notifying the carrier that it was cancelling the liability policy, insurer No. 1 filed a notice of cancellation with the agency. However, the notice of cancellation was filed after a vehicle owned by the carrier was involved in an accident. The Florida Court of Appeals, Third District, with one justice dissenting, held the liability policy of insurer No. 1 was still in effect until the notice of cancellation was received by the agency. Therefore, insurer No. 1 was not relieved of liability by virtue of its notice to the carrier, *nor the fact that a substitute policy had been obtained by the carrier and registered with the agency.*

On almost identical facts, the Florida Court of Appeals, Fifth District, with one justice dissenting, adopted the opposite viewpoint. (*Insurance Co. of North America v. Morgan* (Fla. App. 1981), 406 So. 2d 1227.) The Fifth District held the first insurer should not be required to contribute to losses sustained after the policy expired for the very reasons we have stated above. There was no reliance on the part of the second insurer on the policy which had terminated. Any contribution from the first insurer would simply be a windfall for the second insurer. Moreover, the legislative purpose of protecting the public had been accomplished since there was never any period of time where the carrier was uninsured. The second policy had simply replaced the first. On appeal, a unanimous Florida Supreme Court noted the conflicting decisions and upheld the Fifth District's determination in *Morgan.* (*Canal Insurance Co. v. Insurance Co. of North America* (Fla. 1982), 424 So. 2d 749.) The court noted the determination was limited to the issue of contribution between insurance companies. Were a member of the general public seeking compensation for losses by virtue of an uncancelled certificate, the result, in all likelihood, would be different. Our holding is in conformity with the final determination of the Florida judiciary. For the reasons we have stated, the trial court was correct in holding that the certificate of insurance, by itself, gave no contract rights to Country Mutual.

■ Finally, Country Mutual raises two technical arguments that summary judgment should have been granted in its favor. Country

Mutual filed a verified complaint, but the answer of Millers National was unverified. Country Mutual argues the answer should be disregarded and the allegations in its complaint deemed to be admitted. Millers National has filed an affidavit by one of its officers stating that the copy of the complaint received by Millers National was unverified. The copy received by Millers National is attached. The record supports Millers National. The notarization was done by the deputy circuit clerk on the day of filing and was handwritten. The signed copy of the complaint attached to the affidavit bears only the signature of Country Mutual's representative. No verification was added to this copy. In our holdings today, we have already assumed a signature present on one document, the certificate of insurance. We will not further assume the presence of a notary's seal on another document.

■ Country Mutual also argues that, when tendered the defense, Millers National was required to defend the personal injury action under reservation of rights, or to seek relief by way of declaratory judgment. Because it did neither, Country Mutual asserts Millers National is estopped from raising defenses in the instant case. However, this rule is not applicable where there is no policy in existence. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 451-52, 408 N.E.2d 928, 934; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 171, 209 N.E.2d 833, 836.) Since there was no policy in existence, Millers National was not in error in refusing the tender of defense.

For the reasons stated above, the order of the circuit court of McLean County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.