PER CURIAM.
We find no error in a summary judgment rendered in favor of the appellee insurance company. Section 627.7282(3), Fla.Stat. (1993)[1] is not ambiguous in its terms relative to cancellation of a policy for nonpayment of premiums. The fact that the company gives its customers more than ten days to comply with a premium deficiency notice, does not create an ambiguity. The appellant insured admitted the mailing of the statutory notice, and never claimed payment. The trial court was correct in finding no coverage for an accident occurring some five months after the cancellation date. See Williams v. Security Mut. Casualty Co., 377 *541 So.2d 733 (Fla. 3d DCA 1979); Schemer v. Aetna Ins. Co., 251 So.2d 25 (Fla. 1st DCA 1971).
Therefore, the summary judgment under review is affirmed.
Affirmed.

. Section 627.7282(3), Fla.Stat. (1993) reads:
(3) No insurer shall unilaterally alter or modify the policy period for a private passenger automobile insurance policy to provide an expiration date that is prior to the date specified in the policy holder’s application, except as provided in this section.